(52 South. 113.)

No. 18,105.

STATE v. LATHAM.

(March 28, 1910.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW (§ 1156*)—APPEAL—REVIEW —RULING ON MOTION FOR NEW TRIAL.

The trial judge being in a much better position to estimate the value of the testimony given in support of a motion for new trial in a criminal case, and the matter of granting or denying such motion being largely within his discretion, this court would hesitate, under any circumstances, in reversing his ruling on the subject. In this instant case, it has no hesitation in affirming it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3067–3071; Dec. Dig. § 1156.*]

*(Additional Syllabus by Editorial Staff.)*

2. CRIMINAL LAW (§ 911*)—APPEAL—DISCRETION OF COURT—DENIAL OF NEW TRIAL.

In a criminal case, the court *held*, under the evidence, not to have abused its discretion in denying a new trial.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 911.*]

Appeal from Eighth Judicial District Court, Parish of Franklin; D. N. Thompson, Judge.

Ora Latham was convicted of crime, and he appeals. Affirmed.

See, also, 124 La. 876, 50 South. 780.

Ellis & Dorsett, for appellant. Walter Guion, Atty. Gen., and R. J. Wilson, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

Statement of the Case.

MONROE, J. The jury convicted defendant by a vote of nine to three; Robert Killian being a juror who had voted with the majority. Thereafter a *motion for new trial* was made, on the ground that defendant had discovered, after the trial, that Killian had previously, on more than one occasion, expressed the opinion that he (defendant) was guilty and should be punished, which motion was verified by the affidavits of Mrs. H. C. Abell, Curtis Baird, W. J. Ensminger, and Mack Wiggers. When the motion was called for hearing, however, those persons, through misunderstanding on the part of the defendant's counsel, were not present, and, though the juror was heard to testify, they were not, and the motion was denied. On the appeal, the ruling of the court in that respect, and the sentence, were set aside, and the case was remanded for a rehearing of said motion. On the rehearing, defendant produced witnesses who testified in effect as follows: Curtis Baird: About May 15, 1909 (it being charged that the homicide was committed about April 25th), he heard Killian say that "if he ever got on the jury he would send Mr. Latham down the river"; that was said on the back gallery of a house, near Winnsboro; could not tell what else was said; that is all that was said; made it known on the day of the trial, before the verdict, to a boy in the blacksmith shop. Mrs. H. C. Abell: Heard Killian say that, if he was on the jury, he would hang that man; know that he was talking of Latham; do not know to whom he was talking; he was behind the house, and only saw Killian; know

that he was talking to some one, because he could not have been talking to himself; does not know whether anything else was said; Killian walked right off; told defendant's attorney as soon as defendant was convicted; Latham's wife was staying at her house; witness took a very active interest in his behalf "before and during the trial"; heard Killian say nothing before or after the remark testified to; and does not know to whom he was talking. Mack Wiggers: On or about May 8th heard Killian say that Latham ought to be punished for the killing of John Bowman; does not know where the statement was made, or to whom; witness was passing by a crowd; does not know how many; did not hear anything else; could not name any one in the crowd; heard no other talking; does not remember in what part of the town it was; knows everybody living in or about Winnsboro; remembers that the crowd was on Prairie street, but cannot remember what part of the street. S. N. Dorsett (defendant's counsel) did not know, when Killian was accepted, that he had ever expressed an opinion about the guilt of Latham. He answered, on his voir dire, that he had not.

On the part of the state, the testimony was in part as follows: Killian (the juror) never discussed the case in Winnsboro, before the trial; made no statement, back of Mrs. Abell's house, or to Mrs. Abell; is not in favor of capital punishment; did not discuss the matter, or say that Latham ought to be punished, in any crowd; had no prejudice against Latham; made no statement, in the presence of Baird, to the effect that Latham ought to be convicted.

C. L. Snyder, assessor, testifies that Killian's standing is good, and he thinks his honesty unquestionable.

W. E. Robinson, police juror, has known Killian all his life; thinks he has a good reputation. W. H. Adams, sheriff, to the same effect.

## Opinion.

The judge a quo says "the verdict was justified by the evidence," and, further, in effect, as follows: That in the original affidavits of Baird, Wiggers, Ensminger, and Mrs. Abell it had been stated that Killian knew all the circumstances of the killing, but that no such showing had been made on the trial of the motion; that Ensminger, though in court, had not been sworn as a witness; that Baird, Mrs. Abell, and her son, Mack Wiggers, fixed the dates of the statements testified to by them more than four months before the trial; that the statement testified to by Baird was said to have been made at an ice cream supper, where there were 25 or 30 people, and no one appears to have heard it, save an unidentified "medicine man"; that Baird could give nothing that was said before or afterwards; that Mrs. Abell professed to have heard a remark which nothing led up to, and did not know whether Killian was talking to her or to some one else, though she was not engaged in conversation with him, and she saw no one else. The judge then refers to the testimony of Mack Wiggers; says that Killian did not live in Winnsboro, but in the country; that he barely knew the accused and the deceased; that he had no interest in either; that "it is claimed" (he disclaimed) "that he knew anything about the facts of the killing or the cause that led up to it"; that he bears a good reputation; and he concludes as follows:

"I have given the case a patient consideration, and cannot reach the conclusion that such a showing has been made as would justify the court in setting aside the verdict on the ground presented. If I entertained any doubt as to the correctness of the conviction, I would sustain the motion. It is true the case is an important one and of serious consequence to the accused, carrying with it an imprisonment in the penitentiary for a term of years; but the court cannot be expected to go contrary to its

deliberate and conscientious conviction, and set aside a verdict on such unreasonable and improbable testimony."

We have only to add that, the trial judge being in much better position to estimate the value of the testimony relied on in a case such as this, and the matter of granting a new trial being largely within his discretion, we should, under any circumstances, hesitate about reversing his ruling. As it is, we have no hesitation in saying that we fully and entirely agree with him.

Judgment affirmed.