VIOSCA, Justice.
Defendant was indicted for aggravated rape and after a jury found him guilty without capital punishment was sentenced to life imprisonment. During the trial he reserved three bills of exception, two of which he relies upon on this appeal.
The indictment is in the short form specifically provided for in LSA-R.S. 15:235 (Art. 235 of the Code of Criminal Procedure) and charges that defendant “committed aggravated rape upon one Barbara Ann Martin contrary to the form of the Statute of the State of Louisiana in such cases made and provided and against the peace and dignity of the same”.
Defendant filed a motion for a bill of particulars in which he alleges:
“That defendant is charged under Louisiana Revised Statutes 14:42 in the short form, with aggravated rape and desires the following information:
“1. What particular type of aggravated rape does the State propose to establish in this case;
“2. What was the exact hour of the alleged rape;
“3. What persons were present or allegedly present at the time of the alleged rape;
“4. What particular building, giving the Municipal number, or other place, definitely designated, did the alleged rape occur.”
The State answered his application for a bill of particulars as follows:
“1. The State is not required to answer this paragraph as this is a matter of proof to be adduced at the trial. The State is not required to elect on which portion of the statute it intends to proceed; the State elects to proceed on all parts of the statute.
“2. Answering Paragraph 2, the State advises that the time was approximately 3:00 A.M. on July 14, 1958.
“3. The answer to paragraph 3, is Joseph D. Thomas, Anthony Esteem and Charles Sims.
“4. The rape is alleged to have occurred in Shakespeare Park, in the vicinity of Washington Avenue and Fre-ret Street, in the City of New Orleans.”
The defendant was satisfied with the answers to paragraphs 2, 3 and 4 but contended that the answer to paragraph 1 was insufficient and that the State was required to inform the defendant whether it was proceeding under Subsection 1, 2 or 3 of LSA-R.S. 14:42 which reads as follows:
“Aggravated rape is a rape committed where the sexual intercourse is deemed to be without the lawful consent of the female because it is committed under any one or more of the following circumstances:
“(1) Where the female resists the act to the utmost, but her resistance is overcome by force.
“(2) Where she is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution.
“(3) Where she is under the age of twelve years. Lack of knowledge of the female's age shall not be a defense.
“Whoever commits the crime of aggravated rape shall be punished by death.”
The trial court after hearing ruled that the answer was sufficient in law to which ruling and decision of the court the defendant reserved Bill of Exception No. 1.
Aggravated rape may be committed under Subsection 1 of LSA-R.S. 14:42, or under Subsection 2 or under Subsection 3 or under a combination of any two of *875 said subsections or of all three. In State v. Jackson, 227 La. 642, 648, 80 So.2d 105, 107 we said:
“ * * * Moreover the statute itself provides that aggravated rape may be committed under ‘any one or more of the following circumstances’. This means that the circumstances may consist entirely of those set out in any one of the subsections or may be a combination of those set out in any two or in all three. * * *”
In that case in answer to a motion for a bill of particulars the State informed the accused that he was being prosecuted under the provisions of Subsections 1 and 2 of the statute. We held this sufficient. In the instant case in the answer to the application for a bill of particulars the State informed the defendant that “the State elects to proceed on all parts of the statute”. This the State had a right to do, and the State cannot be ordered to elect when it charges the violation of more than one subsection of the statute. State v. Bickham, 239 La. 1094, 121 So.2d 207; State v. Rowan, 233 La. 284, 96 So.2d 569; State v. Jackson, supra; State v. Prince, 216 La. 989, 45 So.2d 366.
Defendant relies upon the following language in State v. Scott, 237 La. 71, 82, 110 So.2d 530, 535:
“R.S. 14:42 provides that the offense of aggravated rape is committed under any one or more of the following circumstances: (1) where the female’s resistance is overcome by force; (2) where she is prevented from resisting by threats of great and immediate bodily harm accompanied by the apparent power of execution and (3) where she is under the age of 12 years. If the motion for the bill of particulars filed by appellant had specifically requested this information, there is no doubt that the judge would have been obliged to order the State to furnish it, in view of our decision in State v. Holmes, 223 La. 397, 65 So.2d 890, where it was held that, in a prosecution under the short form for a crime which may be committed in several designated ways, the accused is entitled, upon his request, to be informed of the specific way or ways relied on by the State”.
In that case the defendant did not specifically request the desired information in his motion for a bill of particulars but moved to quash the indictment because it did not contain that information. We upheld the indictment.
In this case the defendant asked for the desired information in his application for a bill of particulars and the State in its answer furnished the information. It is true that the State was in error in its contention in the answer to the motion for a bill of particulars that it was not required to answer the request of defendant that the State inform the defendant as to the particular type of aggravated rape it proposed to establish. However, the State by way of further answer did furnish the necessary information when it stated that it was proceeding under all parts of the statute, a procedure which we specifically upheld in State v. Jackson, supra.
Counsel for defendant charges that the District Attorney was not in good faith in alleging that the State was proceeding under all three subsections of the statute since the victim in this case was admittedly seventeen years of age. That complaint is answered by the trial judge in his per curiam in which he states “before overruling the above motion on the basis that the reply of the District Attorney was sufficient, it is to be noted that it was specifically agreed and stated by counsel that under no circumstances would the State proceed under Section 3 of Revised Statute 14:42”.
In his brief counsel for defendant says: “This statement and conclusion of the Trial Judge, with all due respect, is foreign to the record and contrary to the actual pleadings and minute entries of the clerk”, and counsel argues that this Court should dis *876 regard the statement of the trial judge in his per curiam.
Our examination of the record fails to disclose any conflict between either the minutes of the court or the statements taken down by the clerk and the per curiam of the trial judge. The record is entirely silent on that question. The minutes merely show that there was a hearing on the sufficiency of the State’s answer to the bill of particulars and a subsequent ruling by the court that the State’s answer was sufficient. Under the circumstances we must accept the per curiam of the trial judge as conclusive.
Bill of Exception No. 1 is without merit.
Bill of Exception No. 2 was reserved to the denial of defendant’s motion for a new trial. The first ground set forth in the motion relates to the ruling of the trial judge that the State’s answer to the motion for a bill of particulars was sufficient. We have already disposed of this contention in our ruling on Bill of Exception No. 1.
The second ground set forth in the motion is that since the trial and verdict of the jury the victim Barbara Ann Martin made statements in the presence of Anthony Estem, Minette Estem and Clarence Johnson in which she declared that she was wrong in identifying defendant Thomas as the rapist herein.
For answer the State denied all of the allegations of the motion and annexed to its answer an affidavit by Barbara Ann Martin which states in part:
"I further state under oath and under penalty of perjury that since the trial and verdict of the jury in this case I did not make any statements, either in public or in private, to Clarence Johnson, Minette Estem or Anthony Estem, or any other person;
“that I did not at any time, either before or after the verdict of the jury, state that I was wrong in identifying Joseph E. Thomas as one of the persons who raped me; that I did not at any time before or since the verdict of the jury tell these people or anyone else that Joseph E. Thomas was not involved in or present at the time of the said offense because I was afraid of my husband; that my husband did not compel me to testify in this matter.”
The trial judge ordered a hearing on this motion and heard the testimony of Anthony Estem, Minette Estem and Barbara Ann Martin. This testimony is made part of Bill of Exception No. 2.
Anthony Estem testified that subsequent to the conviction of the defendant Thomas, he accidently met Barbara Ann Martin at Lincoln Beach in New Orleans and that on that occasion she admitted that her testimony was false and said that she identified the defendant Thomas during the trial because her husband told her to do so. Minette Estem, mother of Anthony Estem, testified that on an occasion subsequent to the conviction she was sitting in a booth in the Crocodile Inn in New Orleans with certain friends and that Barbara Ann Martin was sitting in an adjoining booth with Clarence Johnson and a man named Isaac. She testified that she heard Barbara Ann Martin in the course of her conversation with Johnson and Isaac, say that the defendant “didn’t rape her but she had said that to make a headline in the paper”. The witness declined to give the names of the friends with whom she was sitting in the booth. Barbara Ann Martin took the witness stand and denied that she was at Lincoln Beach at any time during the year in question and stated that she did not know where the Crocodile Inn was and had never been there in her life. She further testified that her testimony at the trial was true and that she could positively identify the defendant Thomas.
In his per curiam to Bill of Exception No. 2 the trial judge reviews the testimony of these witnesses. He concludes that the testimony of Anthony Estem was unimpressive, stating: “In view of the above *877 glaring contradiction in testimony of the witness, no credence could be afforded his testimony.” Likewise, the trial judge placed no credence in the testimony of the witness Minette Estem. He then states:
“Thereafter, Barbara Ann Martin (sometimes referred to in the testimony as Betty Ann Martin) testified at great length. She denied most succinctly the charges that were lodged by Anthony Estem and his mother, Minette Estem. She never wavered in her testimony and reaffirmed everything that she had said in her affidavit which was filed in the record months prior thereto.”
The question of fact raised by this conflicting testimony was resolved by the trial judge adversely to defendant, and this Court is without jurisdiction to review this question of fact. Article VII, Section 10 of the Constitution LSA-Const., limits our jurisdiction in criminal cases to questions of law alone. Implementing this provision of the Constitution, LSA-R.S. 15:516 provides: “Neither the appellate nor supervisory jurisdiction of the Supreme Court can be invoked to review the granting or the refusal to grant a new trial except for error of law.”
In discussing the provisions of LSA-R.S. 15:509 which authorizes the judge to grant a new trial where he believes the ends of justice would be served by such action even though, as a matter of legal right, the accused may not be entitled to a new trial,[1] we said in State v. Willson, 215 La. 507, 41 So.2d 69, 70:
“Obviously, this provision pertains solely to the trial judge. It does not and cannot vest discretionary powers in this Court to order a new trial in the absence of legal error — as our jurisdiction in criminal cases extends to questions of law alone. Article VII, Section 10 of the Constitution. Additionally, Article 516 of the Code of Criminal Procedure restricts our appellate and supervisory jurisdiction, in reviewing the refusal of a new trial, to a consideration of matters of law.”
Granting or refusing a motion for a new trial in criminal cases rests largely in the discretion of the trial judge and where the trial judge has satisfied himself by an examination of the witnesses that false swearing has been resorted to for the purpose of obtaining a new trial in a criminal prosecution, this Court will not interfere with his order refusing the motion. State v. Latham, 125 La. 963, 52 So. 113.
Counsel for defendant argues that a new trial should be granted because the assistant district attorney in charge of the prosecution ordered the witness Anthony Estem arrested and charged with perjury upon the completion of his testimony. He contends that this had the effect of intimidating the witness Minette Estem who subsequently testified and caused the witness Clarence Johnson to “disappear” so that he was not “available” to testify if called. He argues that “These circumstances demand in the name of justice that a new trial should have been granted to the defendant”. The record shows that the arrest of Anthony Estem was made in the courtroom while the other two witnesses were outside by virtue of an order of sequestration. It is true that Minette Estem testified that she saw two men leading Anthony Estem out of the courtroom and into the hall but she was obviously not intimidated because she testified fully with respect to the alleged conversation between Barbara Ann Martin and Clarence Johnson. There is nothing whatsoever in the record to show that Clarence Johnson “disappeared” as a result of the arrest of Anthony Estem. The *878 trial judge in his per curiam says: The witness Clarence Johnson referred to above was under subpoena, was present in Court and was not used by the defense”. In the absence of anything in the record to the contrary, we must accept this statement of the trial judge.
Bill of Exception No. 2 is therefore without merit.
Bill of Exception No. 3 was reserved to the ruling of the trial judge which permitted the filing in evidence of the affidavit of Barbara Ann Martin which was attached to the State’s answer to the motion for a new trial. The objection was that this was hearsay. Since Barbara Ann Martin took the stand and was subjected to cross examination, the defendant very properly abandoned this bill.
For the reasons assigned the conviction and sentence are affirmed.

. LSA-R.S. 15:509 provides: “A new trial ouglit to be granted: * * * (5) Whenever, though as a matter of legal right the accused may not be entitled to a new trial, yet the judge is of the opinion that the ends of justice would be served by the granting of a new trial.”