263 So.2d 866

**STATE of Louisiana**

**v.**

**Henry Earl GLOVER.**

**No. 51626.**

June 29, 1972.

Robert J. Stamps, New Orleans, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

DIXON, Justice.

Defendant, Henry Earl Glover, appeals his conviction and sentence for resisting an officer (R.S. 14:108). He was sentenced to pay a fine of $350.00 or to serve a term of ninety days in default of payment of the fine.

On the morning of June 11, 1970, Officers Gregory Broadbridge and Walter Hogue of the New Orleans Police Department were driving along Jordan Avenue in New

Orleans when they observed defendant's automobile parked with the door open. Broadbridge saw the defendant on the porch of a nearby residence and inquired of him who owned the vehicle. The defendant admitted that it was his car. Broadbridge then began to write up a parking ticket. The defendant got in his car and started driving away. The police ordered him to stop. The defendant said that he did not hear because his windows were closed and the air conditioning on. The officers followed the defendant for six blocks where the defendant turned into the driveway of his mother-in-law at 1819 Tennessee Street. Broadbridge got out of his car and continued writing the ticket. Broadbridge testified that, in the "discussion" that followed, with other people present, defendant called Broadbridge an offensive and obscene name. Broadbridge then told the defendant that he was under arrest. Defendant ran into the house and tried to close the door. Both officers followed him inside. Defendant was again informed that he was under arrest. Glover physically resisted arrest and fled the house, surrendering to another police unit which had been summoned to the scene.

The defendant relies on five bills of exceptions in seeking a reversal of his conviction, three of which were briefed. For the reasons hereinafter set forth, we reverse the conviction and sentence and remand for a new trial.

Bill of Exceptions No. 1 was reserved when the trial court refused to require the prosecution to answer certain questions filed for in a bill of particulars. In its answer to the bill, the State said that it was prosecuting the defendant under all paragraphs of R.S. 14:108. The defense had asked under what specific paragraph of that statute the prosecution was based.

R.S. 14:108 provides:

"Resisting an officer is the intentional opposition or resistance to, or obstruction of, an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property, or to serve any lawful process or court order, when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.

"The phrase 'obstruction of' as used herein shall, in addition to its common meaning, signification and connotation mean:

"(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.

"(b) Any violence toward or any resistance or opposition to the arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.

"(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.

"(d) Congregates with others on a public street and refuses to move on when ordered by the officer.

"Whoever commits the crime of resisting an officer shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both."

The bill of information in pertinent part alleged that the defendant:

" . . . did wilfully, unlawfully and intentionally oppose, resist and obstruct one GREGORY BROADRIDGE (sic) police officer of the City of New Orleans, while he, the said police officer was acting in his official capacity and while the said police officer was authorized by law to make a lawful arrest, the said HENRY EARL GLOVER, knowing and having reason to know that the said police officer was acting in his official capacity, . . . "

It is clear that the State never intended to prosecute the accused under at least one and probably two paragraphs (paragraphs (c) and (d)) of R.S. 14:108, there being no evidence that the defendant committed the crime of resisting arrest by either means. The defendant had a right to know under which paragraph or paragraphs the State planned to proceed.

In State v. Thomas, 240 La. 419, 123 So. 2d 872, the defendant was charged in an indictment with aggravated rape, a crime which may be committed in a number of proscribed ways in R.S. 14:42. The victim was a seventeen year old girl. The defense filed for a bill of particulars asking under which paragraph of the statute the State intended to proceed. The State answered that it was proceeding under all paragraphs. The defense reserved a bill of exceptions. This court upheld the answer; the trial judge's per curiam stated that the indictment had been restricted by counsel for the State, and that under no circumstances did it plan to proceed under subsection (3) (rape committed on a person under twelve years of age) of the statute.

We think the law as stated in State v. Holmes, 223 La. 397, 65 So.2d 890, to be the correct view under the facts presented in the case before us. There in reversing the conviction we held that in a prosecution under the short form bill of information for a crime which may be committed in several designated ways, the defendant is entitled upon request to be informed of the specific way or ways relied on by the State. Our holding there was reaffirmed in State v. Scott, 237 La. 71, 110 So.2d 530.

Article 465 of the Code of Criminal Procedure does not set forth a specific short form for charging a violation of R.S. 14:108. The bill of information before us does not allege the act or acts by which

the accused was alleged to have committed the crime of resisting arrest. Since the information failed to inform the accused "of the nature and cause of the accusation against him," the defendant was entitled to know under which subsection of R.S. 14:108 the State planned to proceed. La. Const., Art. I, Sec. 10.

The statutory requirements for a bill of information in C.Cr.P. art. 463 provide that the particulars of the offense may be included in the bill; C.Cr.P. art. 484 places the regulation of a bill of particulars within the sound discretion of the trial court. Tests for the sufficiency of a bill of information are applicable in deciding requests for a bill of particulars. To inform the court so that evidence may be regulated; to inform the accused so that his defense can be prepared; to support a plea of former jeopardy in the event of another trial are all essential functions of the bill of information. State v. Richardson, 220 La. 338, 56 So.2d 568. The bill of information and the bill of particulars before us informed the court and the accused of the charges against him, and will support a plea of former jeopardy. In announcing that it was prosecuting the defendant under all paragraphs of R.S. 14:108, the State informed the accused he was being tried for obstructing the police by flight before arrest, violence after arrest, refusing to give his name; and failing to move on. That the State adduced no evidence to support

some ways in which the statute might be violated is of no moment, and the defendant was not prejudiced. The lack of evidence does not affect the validity of the bill of information or bill of particulars.

There is no merit to Bill of Exceptions No. 1.

Bill of Exceptions No. 2 was reserved when the trial judge found incompetent a twelve year old girl, Barbara Andrews, who had been called as a witness for the defendant. The questioning of the girl was as follows:

"Q. Would you state your name and address?

"A. Barbara Andrews. And I live at 1819 Tennessee Street.

"Q. How old are you?

"A. Twelve.

"Q. I want to ask you some questions about things that happened on the morning of June 11th, 1970.

"By the Court: Are you going to assume that she is a qualified witness?

"Q. Do you understand what the obligation of telling the truth means?

"A. Yes, I do.

"Q. Do you understand what the oath you just took means and you are on your honor to tell the entire truth and not say any lies?

"A. Yes, I do.

"Q. *Do you realize that if you lie, you're committing a crime?*

"A. *Yes.*

"By the Court: What happens to you if you lie?

"A. When you tell a lie, it means you're not telling the truth.

"Q. Now, this man swore you in to tell the truth. Do you understand that?

"A. Yes, I do.

"Q. *This man gave you an oath, a solemn oath, to tell the truth in the presence of God. If you don't tell the truth, what will happen to you? You don't know?*

"A. *No.*

"Q. I find she's incompetent." (Emphasis added).

The trial judge in his per curiam justified his actions as follows:

"R.S. 15:469: 'Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; . . . .'

"State v. Parker, 181 La. 635, 160 So. 123 (1935), understanding and not age is the test of whether a person of tender age shall be sworn as a witness.

"State v. William, 130 La. 280, 57 So. 927 (1912). The competency of witnesses of tender years rests largely in the sound discretion of the court."

■■■ We note first that this case was being tried by the judge alone. There was no jury because the crime charged was a misdemeanor triable without a jury. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491.

R.S. 15:469 provides:

"Understanding, and not age, must determine whether any person tendered as a witness shall be sworn; but no child *less than twelve years of age shall,* over the objection either of the district attorney or of the defendant, be sworn as a witness, until the court is satisfied, after examination, that such child has sufficient understanding to be a witness." (Emphasis added).

■■■ Barbara stated that she knew it was a crime to tell a lie. The question asked by the judge was so nebulous and unclear, however, that we find it would be difficult for an adult to phrase an appropriate answer. Twelve year olds generally have sufficient understanding to act as witnesses. Considering the fact that Barbara was twelve years old, that there was no jury, that the question asked by the trial judge was unclear, and that the inquiry was not extensive enough, we find it an abuse of discretion on the part of the judge to deny the defendant the right to examine the witness. Art. 1, § 9, La.Const.1921. No

Louisiana case cited to us nor any that we could discover has ever excluded a child of twelve years of age or older from testifying for lack of understanding. State v. Parker, supra, involved a *ten year old* child who was found *competent* by the court to testify as a witness for the State. State v. William, supra, involved a child of at most *eight years of age* (there was a dispute as to the exact age) who was found *competent* by the court to testify for the State. The cases do not support the trial judge's reasons for not permitting Barbara to testify. (There is no showing that Barbara suffered from any mental defect).

Bill of Exceptions No. 2 has merit.

■ Bill of Exceptions No. 4 was reserved when the trial judge overruled the defense's "MOTION IN ARREST OF JUDGMENT AND, OR APPLICATION FOR NEW TRIAL." The gist of the motion was that the conviction was for one of two possible resistings of arrest: the driving away of the car from the place it was illegally parked in the 1900 block of Jordan Avenue, or the fleeing from the officer after the officer informed the defendant that he was under arrest after the defendant made the allegedly profane remark.

The defendant was not convicted for the resisting of arrest on Jordan Avenue. In its answer to the bill of particulars, the State said that the offense was committed at 1819 Tennessee Street. The record indicates some confusion at one point in the trial, but the confusion was dissipated by additional evidence; the arrest occurred because of the incident at the Tennessee Street address.

Apparently, therefore, the defendant was arrested and convicted for resisting arrest after violating Section 49–7 of the New Orleans City Code (reviling a police officer) or after some other crime.

The record reflects that the defendant was charged with disturbing the peace. That charge was subsequently dropped. We cannot say that the arrest immediately after the profane remark was not for disturbing the peace rather than for reviling a peace officer.

The defense argues that the arrest was for reviling a police officer; it is urged that that ordinance is unconstitutional, vague and overbroad. It therefore argued that the arrest is illegal because one need not submit to an arrest under an unconstitutional statute.

Whether Section 49–7 of the City Code of New Orleans is unconstitutional and therefore invalid is not before this court. Because the defendant was charged with disturbing the peace, a crime of which the constitutionality is not questioned, the arrest was valid for that crime. The defend-

ant could therefore be charged with resisting arrest.[1]

Bills of Exceptions Nos. 3 and 5 were neither briefed nor argued by the defendant and are therefore deeemed abandoned. However, we have examined the bills and find them to be without merit.

For the reasons assigned, the conviction of Henry Earl Glover, defendant herein, is set aside and annulled and the case is remanded to the Criminal District Court for the Parish of Orleans for a new trial.

---

1. The record reflects that a group of people had assembled at 1819 Tennessee Street while the policemen and the defendant discussed the parking ticket. The arrest for disturbing the peace was valid.