354 So.2d 535 (1978)
STATE of Louisiana
v.
Robert E. MEUNIER.
No. 60410.
Supreme Court of Louisiana.
January 30, 1978.
*536 Barry Viosca, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
In a bill of information it was charged that from June 26, 1975 through July 12, 1975 Robert E. Meunier made repeated telephone communications in a manner reasonably expected to annoy, abuse, torment, harass, embarrass or offend Mrs. Joseph Cerniglia. La.Rev.Stat. 14:285 A(2). Meunier elected to be tried by a jury. He was found guilty and sentenced to serve one year in the parish prison, the sentence being suspended, and Meunier was placed on two years active supervised probation on condition that he engage in gainful employment and receive psychiatric treatment.
The assignments of error are grouped into four arguments in support of defendant's appeal.
At the beginning of June of 1975 Mrs. Joseph Cerniglia began receiving numerous telephone calls, sometimes thirty-eight a day. She thereupon reported these annoyances to the telephone company. At their suggestion she kept a record of the calls. Thereafter they installed a lock-in device on her phone. As a result, it was ascertained that the harassing calls originated from phone number 486-3016, which belonged to the residence where defendant lived with his parents. The police were advised and this prosecution resulted.

I.
In an application for a bill of particulars the defense asked for 1) the number, hour and date of the offensive phone calls, 2) the person, phone number and location to which each of these phone calls was made, 3) the number of the phone from which each call was made, and 4) the particular language constituting the charge.
*537 The State answered 1) there were innumerable calls from June 26, 1975 through July 10, 1975, 2) the person to whom the calls were made was Mrs. Joseph Cerniglia, 5820 Louisville Street in New Orleans, Louisiana, and the defense was not entitled to the information requested in 3) and 4). However, at an August 15, 1975 hearing held on the application for bill of particulars, defense counsel indicated that he was satisfied with the State's answer to its request number 2, and the court allowed the defense to view the physical evidence in the prosecutor's possession. The physical evidence would include the list of offensive phone calls compiled by Mrs. Cerniglia thus furnishing the defense with the number, hour, date and content of the calls requested in number 1) of the application for particulars. Whereupon the trial judge found the State's response to be adequate, and the defense objected, assigning error.
In response to an application for particulars the State is not required to disclose the details of the evidence it intends to use at the trial to support the prosecution. Generally speaking, the function of the bill of particulars is to inform the accused of matters which are pertinent to the charge against him, which the trial judge in his sound discretion considers necessary in fairness to permit the accused to defend himself. La.Code Crim.Pro. art. 484; State v. Thornton, 351 So.2d 480 (La.1977); State v. Bourg, 248 La. 844, 182 So.2d 510 (1966).
On the basis of the State's response and the hearing evidence, there was no abuse of discretion in the trial judge's ruling.

II.
In a motion to quash the bill of information, the defense alleged that the statute (La.Rev.Stat. 14:285 A(2)) and bill of information were unconstitutional, being in derogation of the Constitution of Louisiana by failing to adequately inform defendant of the nature and cause of the accusation against him. In addition, the motion alleged that the bill of information failed to specify whether the calls were anonymous, the number and date of the calls, or whether they involved conversations. The motion was denied and the ruling is assigned as error.
Pertinent portions of the statute in question provide that "[n]o person shall . . . [m]ake repeated telephone communications anonymously or otherwise in a manner reasonably expected to annoy, abuse, torment, harass, embarrass or offend another, whether or not conversation ensues . . . ." La.Rev.Stat. 14:285 A(2). Section 13 of Article I of the Constitution requires that "In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him."
Upon the principles thus announced the defense contends that the wording of the statute and the bill of information is so vague and overbroad as to impair the right of the accused to properly defend himself, thus the statute should be declared unconstitutional, and the bill of information should be quashed.
The constitutional guarantee that an accused be informed of the nature and cause of the accusation against him means that penal statutes, upon which bills of information or indictments are based, must describe the unlawful conduct with sufficient particularity and clarity to enable ordinary men of reasonable intelligence to discern their meaning and conform their conduct accordingly. State v. de la Beckwith, 344 So.2d 360 (La.1977); State v. McCoy, 337 So.2d 192 (La.1976).
The words "annoy", "harass" and "embarrass" found in the statute are accompanied by the specific verbs "abuse", "torment" and "offend". By their association in the statute the words acquire a restricted and definite meaning. As this Court pointed out in State v. Hertzog, 241 La. 783, 131 So.2d 788 (1961), upholding the constitutionality of the language now embodied in Section 285 A[1), upon the authority of the rule noscitur a sociis: ". . . general and specific words, capable of analogous meaning, when associated together, take color from each other, so that general words are *538 restricted to a sense analogous to less general."
Applied to the statute before us the rule would require that the words "annoy", "harass", and "embarrass" be considered in conjunction with specific verbs with which they are associated. Thus, "annoy", "harass", and "embarrass" take color from the accompanying verbs "abuse", "torment" and "offend" acquiring thereby more restricted and definite meanings. In the restricted sense which results the statute is neither vague nor overbroad. The words are common and ordinary with well-defined meanings. It is common knowledge that it is unlawful to use a telephone for the purposes set forth in the statute. It would be impracticable to set forth in detail the numerous forms harassment could take.
A statute or bill of information meets the constitutional test that it must inform the accused of the nature and cause of the accusation against him if the bill of information or indictment contains all of the essential elements of the crime intended to be charged in sufficient particularity 1) to enable the defendant to prepare for trial, 2) to allow the court to determine the propriety of the evidence which is submitted upon the trial in order that it may impose the correct punishment upon a verdict of guilty, and 3) to afford protection from subsequent prosecutions for the same offense. State v. Edwards, 287 So.2d 518 (La.1973) and cases cited there. The bill of information meets this test.
The contention that the State's refusal to inform defendant whether the calls were anonymous made the charge vague and indefinite is not well-founded. The statute defining the offense is violated whether the calls are anonymous or otherwise, and it is immaterial whether conversation ensues. It is noted, moreover, that the judge ordered the prosecutor to permit access to the physical evidence in its possession, which included the victim's list of calls giving the date, time and content of each call relied upon by the prosecution.
It appears from the defense argument that the real complaint is that the bill of information did not set out the nature of the evidence by which the State expected to prove the charge. This the State is not required to do. The purpose of an indictment or information is to inform the accused and the court so that the defense can be prepared, the evidence can be regulated, and to support a plea of former jeopardy in the event of another trial. State v. Edwards, supra; State v. Glover, 262 La. 495, 263 So.2d 866 (1972).
Considered according to their usual and popular meaning, the words of the statute and the bill of information adequately informed the defendant of the nature and cause of the accusation against him.

III.
Four assignments relate to the contention that testimony of harassing phone calls to the victim other than those within the June 26July 12, 1975 period set forth in the indictment was permitted over defense objection to their relevancy. This time span was critical, according to the defense, because calls before and after those dates were allegedly being attributed to the defendant.
One instance cited by the defense involved the testimony of the Security Manager of the telephone company who mentioned that he spoke to the defendant and his father about "another case". The reference to "another case" was apparently an unexpected and unsolicited answer without involving defendant and was not pursued further. The other case was therefore not attributed to the defendant.
While the victim was testifying at the trial on August 26, 1975, she was asked by the prosecutor how long she had been receiving anonymous phone calls. She replied without objection by the defense that the calls took place during the last three months. After further questioning she testified the calls began "[a]round the first of June." Defense counsel then objected to all testimony relating to calls "outside of the dates specified in the Bill of Information". The objection was overruled. She then testified *539 that the calls continued about a week before she complained to the phone company. Thereafter, beginning on June 29, 1975 she maintained a record of the calls, recording as many as 38 in one day. She said, without objection, that she had received five such calls the day before trial.
One call, the witness said, was a sexual threat, although the time when the call was made was not mentioned. The objection to the sexual content of one or two calls on the ground that they were not harassing calls as charged does not alter the fact that those calls were also harassing.
As urged at the trial, the basis for the defense objection was the admission of evidence of calls "outside the dates specified in the Bill of Information".
Mrs. Cerniglia's testimony left no room for doubt that these harassing calls were continuous and numerous, day and night, beginning in June and ending the day before the trial. Calls were received as late as three o'clock in the morning making it necessary to disconnect the phone to enable Mrs. Cerniglia to sleep.
The annoying telephone calls began around the first of June and continued to the eve of the trial. It was the calls received prior to the June 26 date set forth in the information which prompted the victim to seek relief from the telephone company. Its response to the complaints of numerous aggravating calls was to request that the victim maintain a "log" of such calls, a request with which Mrs. Cerniglia complied. Repeated calls prior to the June 26 date, as well as calls received after that date, prompted the company to place a line identification "lock in" device on Mrs. Cerniglia's telephone to "trace" the calls.
Evidence of calls outside the period charged in the information therefore presents the jury with a complete picture of the events surrounding this offense. Restricting the State to proof of calls in the period charged would hamper the State's accurate and full presentation of its case, requiring the State to fragment its proof and present only some of the communications, which were part of a series which prompted this charge. Under the circumstances, evidence of calls made outside the period charged in the information was relevant. La.Rev.Stat. 15:441; State v. Clift, 339 So.2d 755 (La.1976). The initial test of admissibility of any evidence is whether that evidence is relevant to the prosecution. State v. Hatch, 305 So.2d 497 (La.1975). Moreover, in view of the overwhelming evidence of calls within the period specified in the bill of information, reference to calls outside that period was harmless error. La.Code Crim.Pro. art. 921.

IV.
When the State had completed its presentation of evidence, defense counsel moved for a directed verdict based upon the contention that there was insufficient evidence to connect the defendant to the case. At this time a motion for a directed verdict was permissible under Article 778 of the Code of Criminal Procedure. However, the Article has since been amended to permit such motions in bench trials only. See Act 527 of 1975, effective September 12, 1975.
In denying the motion and allowing the case to go to the jury, the trial judge pointed to the fact that some evidence indicated defendant was the offender. The Security Manager of the telephone company testified the victim complained that all of the calls were by the same male voice. After the lock-in device was installed the victim received another call from the man who had bothered her before. The call was shown to originate from phone number 486-3016, the telephone of defendant's family. When the police arrived at the defendant's residence the phone there was still locked in to the victim's phone. The victim also testified that in another such call the caller identified himself as the defendant.
Because there was evidence from which the jury could rationally conclude that defendant was the person who made repeated telephone calls to the victim, reasonably expected to annoy, abuse, torment, harass, embarrass, or offend the victim, the ruling denying a directed verdict was correct.
*540 The often stated rule of law is that this Court's appellate authority is restricted to question of law only, and if there is some evidence, no matter how little, of the essential elements of the crime there is no legal question presented, the sufficiency of the evidence being a question for the trier of fact. State v. Douglas, 278 So.2d 485 (La.1973).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
DENNIS, J., dissents and assigns reasons.
DENNIS, Justice, dissenting.
The defendant properly and timely objected to evidence of other criminally abusive telephone calls which occurred on dates other than those specified in the bill of information. The evidence of such calls ranging over a three month period and continuing up to the day before the trial was clearly inadmissible. The objection therefore should have been sustained.
I respectfully dissent.
* * *