442 So.2d 1338 (1983)
Clifton HENRY, et al, Plaintiffs-Appellants,
v.
PITRE FORD CO., et al, Defendants-Appellees.
No. 83-382.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
*1339 DeJean, DeJean & DeJean, Robert F. DeJean, Sr., Opelousas, for plaintiff-appellant.
Alex D. Chapman, Ville Platte, Chris G. Robbins, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for defendants-appellees.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Clifton Henry and his wife filed a redhibitory action against Ford Motor Company, the manufacturer of a 1978 Ford Courier truck owned by the Henrys, and Pitre Ford Company, the vendor of the vehicle. After trial on the merits, the district court dismissed the Henrys' redhibition suit, finding as a matter of fact that the Henrys failed to prove by a preponderance of the evidence that a vice or defect existed in the vehicle. The Henrys have appealed presenting two issues for our review as follows:
(1) Whether the trial court's finding that there was no vice or defect was manifestly erroneous; and
(2) Whether the trial court abused its discretion in questioning several witnesses.
For the following reasons we affirm the judgment of the trial court.

FACTS
The Henrys operate a rural newspaper delivery route. In order to service their 300 rural customers the Henrys purchased a 1978 Ford Courier truck on August 31, 1978 from Pitre Ford Company. Pitre Ford replaced the brake pads on plaintiffs' truck on September 15, 1978, October 5, 1978, and October 25, 1978. On those respective dates plaintiffs' odometer reflected the following miles traveled: 1,927; 3,384; and 5,426. In a final attempt to remedy the truck's brake problem, the Henrys returned the vehicle to Pitre Ford for further repairs on December 15, 1978. The odometer reading was 8,698 miles. Pitre Ford replaced the brake shoes, the caliper, the brake seal, and the brake rotary on the passenger side.
Plaintiffs continued to experience brake problems. They stopped making monthly payments on the vehicle and voluntarily surrendered the truck to Ford Motor Credit Company on November 19, 1979, in complete remission of their debt. Between the date of purchase, August 31, 1978, and the date of repossession, November 19, 1979, the Henrys traveled approximately 20,000 miles in the Ford Courier truck.

PROOF OF DEFECT
The Henrys contend that the braking system on their Ford truck was defective. Their contention is based on the evidence that the brake pads were changed approximately twenty-three times during the time they owned the truck. We disagree.
To prevail in an action for redhibition it is incumbent upon the plaintiff to prove by a preponderance of the evidence that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient and imperfect that it must be supposed that the purchaser would not have purchased it had he known of the defect; that the defect existed at the time of the sale; and that the seller was either unable or refused to correct the defect *1340 when given the opportunity to remedy it. LSA-C.C. Arts. 2520, 2530, 2531; Associates Financial Services Co. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir.1980).
In its written reasons for judgment the trial court concluded that plaintiffs had failed to prove by a preponderance of the evidence that a vice or defect existed in the Ford truck at the time of their purchase. The trial court's conclusions were based in part on the testimony of two expert mechanics, Charles Barré, the zone service manager for Ford Motor Company, and Ambroise Fontenot, the service manager for Pitre Ford. Mr. Henry testified that he was a rural newspaper carrier servicing 300 customers daily. This work required him to make at least 300 stop and go maneuvers daily and to drive the right side of the truck on the unpaved shoulder of the road for many of his deliveries. When Mr. Barré examined plaintiffs' truck on December 19, 1979 he observed that the disc brakes were clogged with mud, dirt, and grime. It was Mr. Barré's and Mr. Fontenot's opinion that improper maintenance allowed dirt and mud to invade the disc brake system which accelerated the wear and tear on the brake pads. Further it was their opinion that plaintiffs were "riding the brakes" between their newspaper stops. They concluded that these factors were the cause of plaintiffs' brake problems.
A subsequent purchaser of plaintiffs' truck testified that she operated the same vehicle for approximately 30,000 miles without any trouble with the brake system. This evidence is consistent with the expert mechanics' testimony.
After carefully reviewing the entire record, we cannot say that the trial court's decision is clearly wrong. An appellate court may not disturb a trial court's evaluations of credibility and factual determinations unless the record reveals that the trial court's decision is manifestly erroneous or clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).

TRIAL COURT'S EXAMINATION OF WITNESSES
The Henrys contend that the trial court erred in its own cross-examination of witnesses and that it suggested answers to them. We find no merit to this argument. In order to adjudicate a matter fairly the trial court is well within the scope of its duty when it initiates questions from the bench. LSA-C.C.P. Art. 1631; LaPierre v. Gibson, 420 So.2d 990 (La.App. 4th Cir. 1982), writ denied 423 So.2d 1150 (La.1982). The extent to which such an examination may appropriately be conducted rests largely in the sound and unabused discretion of the trial judge. Patin v. DeStevens, 415 So.2d 1011 (La.App. 4th Cir.1982); Texas Pacific-Missouri Pacific Terminal R. of New Orleans v. Welsh, 179 F.2d 880 (5th Cir.1950).
Our review of the record reveals that the trial court questioned both plaintiffs' and defendants' witnesses. We conclude that the trial court did not abuse its discretion in its examination of witnesses.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.