WILLIAMS, Judge.
On June 4, plaintiff-appellee, Cecillia Prosper Smith filed for separation alleging cruel treatment on the part of her husband, defendant-appellant, Charles Joseph Smith. Mr. Smith reconvened also requesting separation in his favor on the grounds that his wife had abandoned him without just cause, that she constantly caused arguments and that she wasted community funds. A trial was held on January 3, 1985, wherein the court rendered judgment in favor of Mrs. Smith which confirmed the previously fixed child support payments and visitation rights and ordered Mr. Smith to commence alimony payments.
ASSIGNMENTS OF ERROR 1, 2 and 3
The primary issue in the case relates to the testimony of the Smith’s seven year, eleven month old daughter, Kim, who stated that on the night of either May 28 or 31, 1984, she observed Mr. Smith commit acts of violence toward Mrs. Smith. Mr. Smith contends that the trial judge, who conducted the entire interrogation of Kim, erred by asking her leading questions. He further contends that the trial court erred in its refusal to ask Kim whether her testimony was based on personal knowledge or, *829 in the alternative, the trial court erred by not granting Mr. Smith the opportunity to cross-examine Kim at the conclusion of the judge’s questioning. While we do not find merit in Mr. Smith’s argument regarding the trial court’s use of leading questions to elicit'Kim’s testimony, we do find that the trial court’s failure to ascertain whether Kim testified based on personal knowledge by denying Mr. Smith his procedural right of cross-examination constitutes reversible error. Therefore, we remand so that the trial court may make this determination.
No objection has been made by either party as to Kim’s competency to testify. After a colloquy between Kim and the trial judge, it was determined by the judge that she had sufficient understanding to testify.
It is a well recognized exception to the prohibition of conducting an examination by the use of leading questions to one’s own witnesss that the judge, when the need appears, will ordinarily permit leading questions of children so that they may be brought to understand what information is being sought. State v. Williams, 143 La. 424, 78 So. 662 (1918); State v. Glover, 262 La. 495, 263 So.2d 866 (1972); State v. Francis, 337 So.2d 487 (La.1976). The judge may question the witness; the extent to which such an examination may be conducted rests largely in the sound and una-bused discretion of the trial judge. La.C. C.P. art. 1631; LaPierre v. Gibson, 420 So.2d 990 (La.App. 4th Cir.1982); Henry v. Pitre Ford Company, 442 So.2d 1338 (La.App. 3d Cir.1983), writ denied.
Notwithstanding the trial court’s discretion, Louisiana Code of Civil Procedure article 1631 gives the adverse party the procedural right to cross-examine the witness. The same right applies, subject to the judge’s control, if the witness is a minor and the adverse party should not be denied the opportunity to cross-examine the minor, either by counsel or through the trial judge, unless counsel waives his right or he loses this right because of abusive or improper questioning.
The fundamental right of cross-examination is illustrated in Labadot v. Labadot, 328 So.2d 747 (La.App. 4th Cir.1976) wherein the court stated:
“In the course of the proceeding, the trial judge refused Mrs. Labadot’s request to cross-examine the plaintiff. This is error. While we commend his restraint in his efforts to elicit competent evidence from Mrs. Labadot to support her claim for freedom from fault by proving her husband’s wrongdoing, it was improper for him to take over appellant’s cross-examination. It is beyond dispute that the trial judge has the right to control the nature, extent and character of cross-examination; however, he cannot deprive a litigant of procedural rights of cross-examination in the interest of judicial economy and other well-intentioned motives.”
While it was not an abuse of discretion by the trial court to conduct the examination, considering Kim’s age and her line of testimony, we can find no basis for the trial court’s refusal to permit additional questioning to fully ascertain whether she actually observed what she related to the court, or had been told to her by another person. Since the trial court did not state reasons for its denial of Mr. Smith’s request, and our reading of the record does not reflect that Kim was unduly upset to the extent that she could not testify coherently, we, therefore, remand to allow the court the opportunity to conduct further cross-examination.
ASSIGNMENT OF ERROR 4
In this assignment of error, Mr. Smith asked us to review the trial court’s finding that Mrs. Smith was free from fault. Mr. Smith alleges that Mrs. Smith is guilty of abandonment and the wasting of community assets. In the area of domestic relations, the findings of the trial court are to be afforded very substantial weight upon review and we will not disturb those findings unless they are clearly wrong. Pearce v. Pearce, 348 So.2d 75 (La.1977); Teasdel v. Teasdel, 454 So.2d 886 (La.App. 4th Cir.1984). Grounds for abandonment do not exist as Mr. Smith has expressed *830 that he would not return to the matrimonial domicile even if Mrs. Smith so desired. As to his allegations that community funds were wasted, the record shows that, although funds may have been spent extravagantly, Mr. Smith was aware of and acquiesced to these expenditures made by Mrs. Smith. We have reviewed the record and do not find the trial court abused its discretion in finding Mrs. Smith free from fault.
ASSIGNMENT OF ERROR 5
Mr. Smith contends the trial court erred in finding him at fault in the separation. At this juncture in the proceedings it would be premature for us to review the trial court’s fault determination absent whatever new evidence may be introduced on remand. Once the trial judge hears all the evidence, he can consider whether the original judgment was in error.
For the reasons assigned, the judgment appealed from is affirmed insofar as it finds Mrs. Smith is free from fault of the separation and remanded for further proceedings consistent with the views herein expressed. Costs of appeal are to be divided equally between the parties.
AFFIRMED IN PART AND REMANDED.