PER CURIAM.
The plaintiff has appealed from an adverse judgment in this redhibitory action.
On August 18, 1982, the defendant sold plaintiff a used 1978 two-ton Chevrolet truck for $18,000, plus interest and finance charges. Shortly thereafter, plaintiff experienced trouble with the brakes, suspension and electrical systems. The lights were repaired by the defendant, but most of the work was done by others at a total cost of *1031 approximately $1,770. A small part of this was paid by the defendant.
The plaintiff contends that he continued to have trouble with the truck which prevented him from using it for the purpose that it was purchased and finally parked it on his premises where it was repossessed by the finance company on January 20, 1983.
The defendant's position is that the used truck did not possess any redhibitory vice, that it was sold “as is” with an express waiver of implied warranties and that the plaintiff failed to tender the vehicle for repairs or cancellation of the sale prior to filing this suit.
The trial judge concluded “that plaintiff has not carried the burden of proof necessary to sustain the judgment in his favor”, and adopted as his reasons the post-trial memorandum of the defendant.
In Henry v. Pitre Ford Co., 442 So.2d 1338 (La.App. 3rd Cir.1983), writ denied, 445 So.2d 451 (La.1984), we said:
“To prevail in an action for redhibition it is incumbent upon the plaintiff to prove by a preponderance of the evidence that the thing sold is absolutely useless for its intended purpose or that its use is so inconvenient and imperfect that it must be supposed that the purchaser would not have purchased it had he known of the defect; that the defect existed at the time of the sale; and that the seller was either unable to correct the defect when given the opportunity to remedy it ... ” (Authorities omitted.)
It is well settled that the existence of a redhibitory defect is a question of fact to be resolved by the trial court and its decision in this respect should not be reversed on appellate review unless manifestly erroneous or clearly wrong. Henry v. Pitre Ford Co., supra; Vance v. Emerson, 420 So.2d 1032 (La.App. 5th Cir.1982).
We have carefully reviewed the record and do not find any such error in this case. Accordingly, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.