625 So.2d 735 (1993)
HARRY BOURG CORPORATION
v.
Alex PUNCH.
HARRY BOURG CORPORATION
v.
Walton J. DAISY, Jr.
Nos. 92 CA 1812, 92 CA 1813.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*736 H. Minor Pipes, Jr., Houma, for plaintiff and appelleeHarry Bourg Corp.
Robert J. Prejeant, Houma, for defendants and appellantsAlex Punch et. al., and Walton J. Daisy, Jr.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
These consolidated cases involve a boundary dispute. After a trial on the merits, the trial court rendered judgment in favor of the Harry Bourg Corporation and against the defendants. The defendants appeal contending, in part, that the trial court erred in finding that the actions had not been abandoned and erred in not affording the defendants the opportunity to cross-examine Carl Bourg.
On April 7, 1955, the plaintiff, Harry Bourg Corporation (HBC), acquired a tract of land from Harry Bourg. Defendants, Alex Punch and Walton J. Daisy, Jr., acquired property bounding the property of HBC on May 15, 1964 and January 26, 1968, respectively. On January 24, 1985, HBC filed suits to fix the boundaries of its property. Named as defendant in suit no. 78615 was Alex Punch; named as defendant in suit no. 78616 was Walton J. Daisy, Jr. In 1985, on joint motions of the parties in each case, the court appointed Keneth L. Rembert to survey the properties of the parties and file a proces-verbal in each case. The survey reports were filed into the records of each case on September 2, 1988. On August 15, 1991, the defendant in the Punch case filed a rule to show cause why the cases should not be considered abandoned pursuant to La.C.C.P. art. 561. The same rule was filed in the Daisy case on August 16, 1991. In the case against Alex Punch, judgment was rendered dismissing the rule. In the case against Walton Daisy, the record does not contain a judgment on the rule.
In the interest of judicial economy, the suits were consolidated on October 25, 1991. After a trial on the merits, the trial court concluded that the survey of Rembert was correct and that no party had acquired another's land by acquisitive prescription. Both defendants appeal.
Both defendants contend the trial court erred in concluding the action was not abandoned pursuant to La.C.C.P. art. 561. Specifically, they contend the filing of the surveyor's report by Keneth Rembert on September 2, 1988, was not a step in the prosecution of the suit. As to Walton Daisy, this argument is premature as no judgment was rendered by the trial court. Therefore, we will address this issue only with respect to Alex Punch.
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. La.C.C.P. art. 561. "Any step in the prosecution or defense of a suit" means a formal move or action before the trial court intended to hasten judgment.
Joint motions were filed by the HBC, Punch and Daisy for the appointment of an independent, court appointed surveyor to survey the properties of the parties and file a report. The surveyor's report was filed on September 2, 1988. This action by the surveyor concluded the joint motion of parties. The surveyor's report provided information which was sought by all the parties to this action and which would aid all parties in presenting their case. Therefore, we find that the filing of the surveyor's report was a formal action intended to hasten the suit to judgment. The trial court correctly found that the action was not abandoned.
The defendants also contend the trial court erred in not affording them the opportunity to cross-examine the testimony of Carl Bourg. On March 19, 1992, the court recessed immediately after the direct examination of Carl Bourg. The court advised the parties that court would reconvene at 8:00 a.m. the following morning. When the court reconvened, Mr. Bourg was not present. The judge stated, "The court is not going to wait for the testimony." Counsel for defendants stated, "Just for the record in light of the court's last ruling I haven't had the right of cross-examination."
*737 Louisiana Code of Civil Procedure article 1634 gives the adverse party the procedural right to cross-examine the witness. The trial court does have the right to control the nature, extent and character of cross-examination, but a litigant may not be denied the procedural right to cross-examine witnesses in the interest of judicial economy or other well-intentioned motives. Smith v. Scott, 577 So.2d 809 (La.App. 2nd Cir.1991). An adverse party should not be denied the opportunity to cross-examine the witness unless counsel waives his right or loses this right because of abusive or improper questioning. Smith v. Smith, 482 So.2d 828 (La. App. 4th Cir.1986).
We can find no acceptable basis for the trial court's refusal to permit to the cross-examination of Carl Bourg. Rather, the record reflects that the trial court's decision was based simply on a desire to proceed with the trial. Therefore, the trial court erred in not allowing the defendants to fully cross-examine the plaintiff's witness.
In the instant case, the witness was a director and past-employee of HBC. His testimony concerned the manner in which HBC had possessed the property in dispute and, therefore, had bearing on the determination of the boundaries of these contiguous tracts of land. Without cross-examination of this witness, the trial court could not properly weigh the evidence and determine its value; therefore, the exclusion defeated defendant's right to a fair trial. See Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir. 1992). Because of this error, we must vacate the judgment and remand the case to allow the court the opportunity to cross-examine Carl Bourg.
Having concluded that this judgment must be vacated and remanded for further proceedings, the other issues raised on appeal need not be considered.
For the foregoing reasons, we vacate the judgment of the trial court and remand this case for the purpose taking the cross-examination testimony of Carl Bourg. Costs are to await the final disposition of this matter.
VACATED AND REMANDED.
WATKINS, J., concurs.