577 So.2d 809 (1991)
Robert R. SMITH, Plaintiff-Appellee,
v.
Thomas E. SCOTT and Anita Scott, Defendants-Appellants.
No. 22214-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
Sutton & Sutton by Bobby D. Sutton, Sr., Shreveport, for defendants-appellants.
*810 Rellis P. Godfrey, Shreveport, for plaintiff-appellee.
Before MARVIN, HIGHTOWER and BROWN, JJ.
BROWN, Judge.
In May 1987 plaintiff, Robert Smith, entered into a joint venture with defendant, Thomas Scott, to operate a business known as S & S Pawn Shop in Shreveport.[1] Plaintiff's initial investment was $10,000. The exact nature of each party's interest in the venture was never clear. In December 1987 both plaintiff and defendant decided to terminate their business association effective December 31, 1987. Both parties claimed that a verbal agreement was reached for the dissolution of the venture but later disagreed on its terms. Plaintiff contended that defendant was to purchase his interest for $22,500. Defendant maintained that the only agreement was to pay back plaintiff's initial investment of $10,000. In July 1988 plaintiff filed this lawsuit in part for breach of the verbal agreement to buy his interest for $22,500. The trial court found in favor of plaintiff in the amount of $22,500 subject to credits of $7,000. Specifically, the court noted that plaintiff met his burden of proof under LSA-C.C. Art. 1846 through his own testimony and the corroborating testimony of Robert Foley, a forensic document examiner retained by plaintiff.

DISCUSSION
LSA-C.C. Art. 1846 provides that a verbal contract of a value of more than $500 must be proven by at least one witness and other corroborating circumstances. A party may offer his own testimony but to be successful must present other circumstances corroborating his claim. Kethley v. Draughon Business College, 535 So.2d 502 (La.App. 2d Cir.1988).
Plaintiff testified that defendant agreed to pay him $22,500 for his interest. On the other hand defendant testified the amount was $10,000. In furtherance of the agreement, plaintiff was given a check from defendant for $4,000 with a written notation of a $16,000 balance. Plaintiff testified to changing the "6" to an "8" to show the balance to be $18,000. The check was offered as an exhibit to corroborate plaintiff's testimony.
Defendant testified that he instructed his step-son to issue the check in question for $4,000 with the written notation that a balance remained of $6,000. Defendant's step-son supported this testimony and stated that he wrote the check noting a $6,000 balance not $16,000.
The trial commenced June 23, 1989 and continued on June 29 and December 13, 1989. Although the parties had stated at a pretrial conference that no expert witnesses would be used, plaintiff hired Robert Foley on June 28, 1989 as a forensic document examiner. On June 29, 1989 Mr. Foley testified for plaintiff as a rebuttal witness. Defendant objected on the basis of the pretrial agreement and claimed surprise. The trial court allowed Mr. Foley's testimony.
Foley testified that he examined and analyzed the check in dispute and determined that all the numbers in the notation area were written at the same time and the balance stated was $16,000 not $6,000. The "8" written by plaintiff was in a different color ink and clearly superimposed over the "6" at a different time.
At the close of Foley's direct testimony the trial judge rendered an interim order and left to attend a judges' meeting. Defendant was not given the opportunity to cross-examine Foley that day and objected. The trial did not continue until December 13, 1989 due to the serious illness of defendant's attorney.
On November 15, 1989 plaintiff filed a rule to show cause why defendant should not be found in contempt of court for his failure to comply with the trial court's interim order. The rule was returnable on November 22, 1989. On that date, defendant's *811 original attorney withdrew due to illness and present counsel enrolled and filed a motion for continuance. On November 29, 1989 the case was called and reset for December 13. Between November 29 and December 13, defendant's new attorney contacted a forensic document examiner from Georgia.
On December 13, 1989 defendant requested a continuance because his recently hired expert would not be able to appear on that date. The continuance request was denied, but more importantly, the following occurred between the defendant's attorney and the court:
"Mr. Sutton: This is on another thing. I insist on cross examining Mr. Foley.
The Court: I told you I would permit you to cross examine Mr. Foley if you had paid his way over here, just as the other counsel had already done at the time we had already met.
....
The Court: ... I did tell you that you would be able to bring Mr. Foley over at your expense, just as the other counsel did, at his expense, and be able to cross examine him if you wish. In addition to that, I will permit you to put in evidence any documents, reports or whatever that your man (expert) in Georgia will send to you."
....
Mr. Sutton: At this point, I would call Mr. Robert Foley on cross examination. I assume Mr. Foley is in the courtroom.
The Court: Not unless you contacted him. I told you to contact him and get him over here at your expense."
Mr. Foley was not in court and therefore never cross-examined. The trial court specifically mentioned its acceptance of Foley's opinion as an essential element of proof in plaintiff's case. It is fundamental in our system of justice that the necessity of testing evidence by cross-examination is a vital feature of the law. Our system believes that no safeguard for measuring the value of testimony is comparable to that furnished by cross-examination. The cross-examination of a witness at a civil trial is an essential part of our adversarial system of justice. The trial court does have the right to control the nature, extent and character of cross-examination but a litigant may not be denied the procedural right to cross-examine witnesses in the interest of judicial economy or other well-intentioned motives. Labadot v. Labadot, 328 So.2d 747 (La.App. 4th Cir.1976).
The trial court effectively denied defendant the opportunity to cross-examine Robert Foley and to test the value of his expert opinion. Foley was plaintiff's expert who had completed his direct examination when the court recessed for approximately five months. Defendant can not be expected to pay for his right to cross-examine this witness. The requirement of the trial court for defendant to pay in advance for the return of plaintiff's expert to complete his testimony effectively denied the opportunity for cross-examination contrary to Art. 607 of the Louisiana Code of Evidence. The fact that the defendant was allowed to file the report of his expert over plaintiff's objection does not cure this error. Without cross-examination, the trial court could not properly weigh the evidence and determine its value.
Having concluded that this judgment must be reversed and remanded for further proceedings, the other issues raised on appeal need not be considered.

DECREE
For the reasons stated herein, the judgment of the trial court in favor of plaintiff is REVERSED and this matter is hereby REMANDED to the trial court for the purpose of allowing the cross-examination of Robert Foley and the presentation by either side of evidence that relates to that cross-examination. Further, defendant's expert's report will not be allowed absent an agreement by plaintiff, although such expert can testify. Costs of this appeal are assessed to plaintiff.
MARVIN, C.J., concurs and assigns written reasons.
HIGHTOWER, J., concurs for those reasons assigned by MARVIN, J.
*812 MARVIN, Chief Judge, concurring.
I concur in the following respects and would include these facts from the record in the opinion:
When the plaintiff's expert, Foley, appeared to testify, the trial judge announced that he had to attend an "emergency meeting" but would allow "very brief" testimony and cross-examination, not limited to "three minutes ... but not very long."
After only a few questions, the trial judge said:
I am sorry to stop you, Mr. Foley. We do have an emergency meeting ... I am going to have to limit further testimony... You can submit that [your expert report] into evidence ... and I am sorry to have stopped you right in the middle of it, Mr. Foley.
[Defense Counsel] Just so the record is complete, we interpose an objection to not having the right to cross-examine Mr. Foley. We understand the court's ruling, though.
[The Court] And we may or may not have further evidence from Mr. Foley or other people ...
Six months later, when trial resumed, the trial judge, responding to defense counsel's motion for a continuance, stated:
... my understanding in the conference we had in chambers, of what you were going to do, you were going to get Mr. Foley over here because you had not had a chance to cross-examine him....
I told you two weeks ago the case would go on today. We are going to go on today.... I don't have any more time, period; I made that clear; I did tell you you would be able to bring Mr. Foley over at your expense, ... and be able to cross-examine him if you wish. In addition to that, I will permit you to put into evidence any documents, reports or whatever your man [handwriting expert] in Georgia will send to you.... I will withhold my judgment and allow you to put in those in evidence to offset the testimony of Mr. Foley.... the case is going over today. I will permit you to put on whatever testimony will be appropriate. I will leave it open for putting your expert's report in evidence and whatever he may have to support it....
[The motion for continuance was denied]. [Defense counsel] At this point, I would call Mr. Robert Foley on cross-examination. I assume Mr. Foley is in the courtroom.
[The Court] Not unless you contacted him. I told you to contact him and get him over here at your expense.... You should have said your client was without funds to do what the court has required him to do.... So I was simply letting you do what he was having to do, so you can call [Mr. Foley]. If you didn't make any attempt to get him here, that is your fault.
[Defense counsel] I object to the court's ruling in not having [plaintiff] provide Mr. Robert Foley for cross-examination. [Plaintiff counsel] I would, for the record, object to the court permitting a report of [defendant's] expert coming in....
[The Court] Let that objection be noted. And I think those two objections kind of wash themselves out. You were permitted to put yours on to the surprise of the other party, and the court is going to permit him to put his expert [report in]....
The report of defendant's expert, Mr. Kelly, dated December 26, 1989, was filed in the record January 12, 1990. We must conclude that the trial court read Mr. Kelly's report, as a "wash out," as the trial court called it, of Foley's report and very brief examination.
Notwithstanding the above circumstances, the problem remains that Foley was allowed, however briefly, to testify on direct examination on behalf of plaintiff without defendant being allowed cross-examination.
I would remand for a new trial before a judge of the district court who is now assigned to the civil section, the former trial judge now being assigned to the criminal section.
NOTES
[1] Both Thomas Scott and his wife, Anita Scott, were named as defendants and have joined in this appeal.