# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 16-999


**THE COMMITMENT OF TENITA JANELLE DORSEY**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 88,879A
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and D. Kent Savoie, Judges.



**SET ASIDE AND REMANDED.**

**Patricia A. Gilley**
**Gilley & Gilley**
**P. O. Box 52011**
**Shreveport, LA 71135**
**COUNSEL FOR APPELLANT:**
     **Tenita Janelle Dorsey**

**Al Sale**
**Laura Picard**
**Mental Health Advocacy Service**
**242 W. Shamrock St.**
**Pineville, LA 71360**
**(318) 484-6348**
**COUNSEL FOR APPELLANT:**
     **Tenita Janelle Dorsey**

**Ed Hall**
**850 Rutherford St.**
**Shreveport, LA 71104**
**PRO-SE APPELLEE**

**Martine Lattier**
**850 Rutherford St.**
**Shreveport, LA 71104**
**PRO-SE APPELLEE**

**SAVOIE, Judge.**

Ms. Dorsey appeals the trial court's Order of Judicial Commitment dated October 27, 2016. For the reasons that follow, we set aside the trial court's order and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, Tenita Dorsey hired Ed Hall as a private investigator and paid him $3,000 for his services. According to Mr. Hall, Ms. Dorsey had hired him "to gather evidence against the [Natchitoches] City Fathers so that she could file suit against them for doing her wrong . . . by following her and harassing her." Mr. Hall indicated that after meeting with Ms. Dorsey several times, it was his opinion that she was "paranoid," "illusional [sic]," and "wasn't altogether there[.]" Further Mr. Hall's assistant, Martine Lattier, indicated that she noticed a shotgun in Ms. Dorsey's home, although it was unclear whether the gun was loaded or not, and that Ms. Dorsey had stated to her that she wished her friend, Camille Moran, were dead.

On October 20, 2016, Mr. Hall and Ms. Lattier filed a *pro-se* petition seeking the judicial commitment of Ms. Dorsey. The petition notes that at the time it was filed, Ms. Dorsey was residing at Promise Hospital in Shreveport; however, the record lacks any information concerning the circumstances leading to her residing there.

The trial judge signed an order on October 21, 2016, ordering that Ms. Dorsey:

> be examined by a physician from Promise Specialty Hospital, or by another physician. The physician shall examine [Ms. Dorsey] prior to the date fixed for hearing and shall file a written report with this Court on forms provided for that purpose by the Office of Mental Health of the Department of Health and Human Resources.

The trial judge further appointed Mental Health Advocacy Services to represent Ms. Dorsey, ordered that Ms. Dorsey continue to be detained by Promise, and set the matter for hearing on October 27, 2016.

On October 27, 2016, Ms. Dorsey, through counsel, filed a motion seeking to strike, or prevent from being submitted, any medical evidence that was privileged under La.Code Evid. art. 510. Ms. Dorsey's counsel also argued that Ms. Dorsey was not provided with any court-appointed physicians' written reports at least three days prior to the hearing as required by La.R.S. 28:54, and therefore it was improper for the court to consider any written reports it had received. The trial court denied Ms. Dorsey's motion.

Petitioners were not represented by counsel during the proceeding. During the hearing on October 27, 2016, the trial court, on its own, noted it was accepting into evidence two separate written reports that it had received from Dr. Lee Stevens and Dr. Janice Hollier. In addition, the trial court heard testimony from Mr. Hall, Ms. Lattier, and Ms. Moran. It further accepted into evidence various photographs and text messages that were submitted by Mr. Hall.

Ultimately, the trial court found petitioners had satisfied their burden of proof, relying primarily on the written reports of Dr. Lee and Dr. Hollier, and it entered an order of commitment. On November 2, 2016, Ms. Dorsey filed a motion for new trial, which the trial court denied.

Ms. Dorsey now appeals, asserting the following as assignments of error:

(1)     The trial court erred in depriving [Ms. Dorsey] of her right to cross examine the physicians in this matter.

(2)     The trial court erred by giving petitioner access to the physician written reports.

(3)     The trial court erred in denying the Motion to Strike.

(4)    The trial court erred when it prevented [Ms. Dorsey] from asserting her right to assert her health care patient provider privilege afforded to her pursuant to [La.Code. Evid. art.] 510.5.

(5)    Is there clear and convincing evidence that is sufficient to establish that [Ms. Dorsey] is dangerous to [herself or others] or gravely disabled as called for in Title 28 of the Mental Health Laws?

(6)    Is a judicial commitment proceeding proper venue for this dispute?

(7)    Was there sufficient consideration of a means for less restrictive treatment?

Appellees Mr. Hall and Ms. Lattier have not submitted an appellee brief to this court.

## ANALYSIS

We first consider Ms. Dorsey's argument that she was improperly denied the opportunity to cross-examine Dr. Stevens and Dr. Hollier. "The district court is given vast discretion in its decisions on evidentiary rulings and its decision to admit or exclude evidence will not be reversed on appeal unless it is clearly shown that it has abused that discretion." *Bellsouth Telecomms., Inc. v. City of Lafayette*, 05-1478, p. 23 (La.App. 3 Cir. 1/5/06), 919 So.2d 844, 860.

Louisiana Revised Statutes 28:54 (emphasis added), which governs judicial commitment proceedings, states in part

(D)(1)  As soon as practical after the filing of the petition, the court shall review the petition and supporting documents, and determine whether there exists probable cause to believe that the respondent is suffering from mental illness which contributes to his being or causes him to be a danger to himself or others or gravely disabled, or is suffering from substance abuse which contributes to his being or causes him to be a danger to himself or others or gravely disabled.  If the court determines that probable cause exists, the court shall appoint a physician, preferably a psychiatrist, to examine the respondent and **make a written report to the court and the**

3

**respondent's attorney** on the form provided by the office of behavioral health of the Louisiana Department of Health. The court-appointed physician may be the respondent's treating physician. **The written report shall be made available to counsel for the respondent at least three days before the hearing.**

Similarly, La.R.S. 28:55(D) (emphasis added) states in part: "If the respondent or his attorney notifies the court **not less than three days before the hearing** that he wishes to cross examine the examining physicians, the court shall order such physicians to appear in person or by deposition."

In the instant matter, neither Dr. Stevens nor Dr. Hollier appeared in court or were cross-examined on the day of the hearing. There is no indication that their written reports relied upon by the trial court were provided to Ms. Dorsey or her counsel at any time prior to the hearing on October 27, 2017, much less in accordance with the statutory requirement that Ms. Dorsey be provided with the written report at least three days before the hearing. In fact, the physicians' reports pertain to examinations conducted on October 25, 2017, which was only two days prior to the hearing.

Moreover, while the trial court's October 21, 2016 order required Ms. Dorsey to submit to an examination by *one* physician at Promise Specialty Hospital, or by some other physician, the order did not provide the name of the physician who was to examine Ms. Dorsey. Therefore, Ms. Dorsey had no way of knowing who was going to be conducting an examination in accordance with the court's order prior to the hearing, so that she could request the opportunity to cross-examine that physician. Further, it is unclear whether either of the two physicians who submitted reports to the trial court had examined Ms. Dorsey pursuant to the October 21, 2016 order.

4

Because the procedural safeguards established by La. R.S. 28:54 were not followed, Ms. Dorsey was effectively deprived of her right to cross-examine the physicians who submitted reports to the trial court.

> It is fundamental in our system of justice that the necessity of testing evidence by cross-examination is a vital feature of the law. Our system believes that no safeguard for measuring the value of testimony is comparable to that furnished by cross-examination. The cross-examination of a witness at a civil trial is an essential part of our adversarial system of justice. The trial court does have the right to control the nature, extent and character of cross-examination but a litigant may not be denied the procedural right to cross-examine witnesses in the interest of judicial economy or other well-intentioned motives.

*Smith v. Scott*, 577 So.2d 809, 811 (La.App. 2 Cir. 1991).

Without cross-examination, the trial court could not properly weigh Dr. Stevens' or Dr. Hollier's reports or determine their value. *See Id.* Therefore, the trial court's judgment should be set aside. Under the authority of La.Code Civ.P. art. 2164, we remand the matter for further proceedings to allow the cross-examinations of Dr. Stevens and Dr. Hollier and the presentation of evidence relating to those cross-examinations. Having reached this conclusion, we pretermit the other issues raised on appeal.

## CONCLUSION

For the reasons stated herein, the trial court's Order of Judicial Commitment is hereby set aside, and the matter is hereby remanded to the trial court to allow the cross-examinations of Dr. Stevens and Dr. Hollier and the presentation of evidence relating to those cross-examinations. Costs of this appeal are assessed to Appellees, Ed Hall and Martine Lattier.

**SET ASIDE AND REMANDED.**