328 So.2d 747 (1976)
Joseph F. LABADOT
v.
Charlotte Anderson LABADOT.
No. 7273.
Court of Appeal of Louisiana, Fourth Circuit.
March 16, 1976.
*748 Law offices of Sidney D. Torres, III, Chalmette, Stanford L. Raborn, Baton Rouge, for plaintiff-appellee.
Charlotte Anderson Labadot, in pro. per.
Before LEMMON, GULOTTA and STOULIG, JJ.
STOULIG, Judge.
Appellant, Mrs. Charlotte Labadot, has appealed from a judgment overruling her exception of lis pendens and from a judgment granting a divorce to Joseph Labadot and rejecting her request for alimony on a finding she was not free from fault.
At the outset it should be noted that appellant has represented herself throughout this litigation, despite the repeated urging of the trial judge that she obtain counsel to represent her because of the seriousness of the issues. He pointed out "a little knowledge is a dangerous thing" and offered to continue the case so that Mrs. Labadot could retain an attorney.
The trial court properly overruled the exception because there is no evidence in the record to support appellant's contention there was a suit of the same nature pending in Orleans Parish when her husband filed his suit in St. Bernard Parish.
Mrs. Labadot maintains that she filed suit for divorce in the Civil District Court for the Parish of Orleans at 8 a.m. on March 10, 1975, while her husband's suit, according to the entry of the deputy clerk, was filed in the Twenty-fifth Judicial District Court for St. Bernard Parish at 8:30 a.m. that same day. In support of her contention that her suit was filed prior to that of her husband, she attempted to introduce in evidence an uncertified and undated copy of her petition for divorce allegedly filed in Orleans Parish. In sustaining the plaintiff's objection to its admissibility, the trial judge suggested it be filed in the record as a proffer.
Even had Mrs. Labadot introduced a certified copy of the Civil District Court proceeding to substantiate her time-date filing claim, her exception would have been waived because she failed to plead it before filing her answer and/or she permitted the matter to be tried on the merits. Lis pendens, a declinatory exception,[1] must be pleaded "prior to answer" under C.C.P. art. 928.[2] (Emphasis added.) Further, even had she filed timely, her participation in a trial on the merits would have constituted a waiver.
This case graphically demonstrates the pitfalls of self-representation. Appellant contends she had had two attorneys and could no longer afford professional services; therefore, she was forced to represent herself. We question the sincerity of this claim because at one point in the record she stated one of her reasons for not working is that it took her away from her *749 legal research. She adamantly refused to follow the court's suggestion to obtain counsel. However when most of the evidence was submitted, she changed her mind and requested a continuance. Plaintiff's objection to a continuance was sustained.
Mrs. Labadot's submissions to this point consisted of a combination of lengthy argument and irrelevant and inadmissible statements. While the court has the responsibility of guarding the rights of unrepresented litigants, it nonetheless owes some duty to the represented adversary. When Mrs. Labadot finally decided to heed the judge's advice, the trial was almost over, and under the circumstances, the plaintiff and his attorney had a valid objection to having to rerun the entire performance.
In the course of the proceeding, the trial judge refused Mrs. Labadot's request to cross-examine the plaintiff. This is error. While we commend his restraint and his efforts to elicit competent evidence from Mrs. Labadot to support her claims of freedom from fault by proving her husband's wrongdoing, it was improper for him to take over appellant's cross-examination. It is beyond dispute that the trial judge has the right to control the nature, extent and character of cross-examination; however, he cannot deprive a litigant of the procedural right of cross-examination in the interest of judicial economy and other well-intentioned motives.[3]
In any event, the evidence on fault is inconclusive, but Mr. Labadot's judicial admission that his wife was without fault precludes introduction of any evidence tending to establish her fault. Allegation V of plaintiff's petition concedes her freedom from fault:
"Neither petitioner, Joseph F. Labadot nor defendant, Charlotte Anderson Labadate was guilty of any fault at the time of their separation."
As the record is now constituted, a determination of what amount of alimony Mr. Labadot should be condemned to pay, if any, is difficult to ascertain. Therefore, we remand this matter for further proceedings consistent with the views herein expressed and strongly suggest, as did the trial judge, that Mrs. Labadot obtain counsel.
For the reasons assigned, the judgment appealed from is reversed insofar as it decrees Charlotte Labadot not entitled to alimony "due to mutual fault"; affirmed insofar as it grants plaintiff a divorce; and remanded for further proceedings consistent with the views herein expressed. Cost of the appeal is to be borne by appellant.
REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.
LEMMON, J., concurs with written reasons.
LEMMON, Judge (concurring).
I concur in the result because the husband's testimony that his wife "wasn't a good housekeeper" is insufficient to support a finding of fault on her part. Thus the wife "has not been at fault" and is entitled to alimony under C.C. art. 160.[1]
I have misgivings, however, about our decision on the exception of lis pendens. The wife's objection based on the pendency of another action was contained in her answer. *750 I interpret C.C.P. art. 928's requirement that the declinatory exception be pleaded prior to answer as prohibiting the filing of the exception after answer is filed and not as prohibiting the filing of the exception contemporaneously with the answer. Nevertheless, since the matter has been fully tried by both parties and since the wife is not prejudiced by the overruling of the exception because of the result reached by this court, I concur in the decree.
NOTES
[1] C.C.P. art. 925.
[2] C.C.P. art. 928 provides in part: "The declinatory exception and the dilatory exception shall be pleaded prior to answer or judgment by default."
[3] C.C.P. art. 1631.
[1] This action was commenced by the husband's filing a petition for divorce based on their living separate and apart for two years. He also alleged, irrelevantly, that neither party was guilty of fault. The wife's answer admitted all the allegations except the one concerning fault. She filed no reconventional demand, but prayed (in the alternative to dismissal of the petition) for "the opportunity with due proof to show her need of alimony . . . ."

At the trial the husband and wife both testified fully, without objection, on the issue of fault, and statements by the trial judge made it clear that all parties intended for alimony to be at issue.