STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2018 CA 1323

CROSSTEX ENERGY SERVICES, LP, CROSSTEX LIG, LLC
AND CROSSTEX PROCESSING SERVICES, LLC

VERSUS

TEXAS BRINE COMPANY, LLC, ET AL.

Judgment Rendered:  'AUG 0 8 2019'

* * * * * * *

APPEALED FROM THE 23RD JUDICIAL DISTRICT COURT
ASSUMPTION PARISH, LOUISIANA
DOCKET NUMBER 34,202

HONORABLE THOMAS J. KLIEBERT JR., JUDGE

* * * * * * *

| | |
|---|---|
| Mary S. Johnson<br>Mandeville, Louisiana<br>and<br>Chad J. Mollere<br>Nichole M. Gray<br>New Orleans, Louisiana | Attorneys for Third Party<br>Defendants/Appellees<br>AIG Specialty Insurance Company,<br>New Hampshire Insurance Company,<br>and National Union Fire Insurance Company<br>of Pittsburgh, Pa. (alleged insurers of<br>Occidental Chemical Corporation,<br>Occidental Petroleum Corporation,<br>and/or Oxy USA, Inc.) |
| Leopold Z. Sher<br>James M. Garner<br>Peter L. Hilbert Jr.<br>Jeffrey D. Kessler<br>New Orleans, Louisiana<br>and<br>Robert Ryland Percy III<br>Gonzales, Louisiana<br>and<br>Travis J. Turner<br>Gonzales, Louisiana | Attorneys for Third Party Plaintiff/Appellant<br>Texas Brine Company, LLC |

BEFORE: McDONALD, WELCH, and CRAIN, JJ.

Crain, J concurs

**McDONALD, J.**

Texas Brine Company, LLC, appeals a January 31, 2018 judgment granting declinatory exceptions of lis pendens filed by AIG Specialty Insurance Company,[1] National Union Fire Insurance Company of Pittsburgh, PA, and New Hampshire Insurance Company (collectively, Oxy Insurers), as alleged insurers of Occidental Chemical Corporation, Occidental Petroleum Corporation, and/or Oxy USA, Inc. (collectively, Oxy). The judgment dismissed "any and all claims, demands, and/or allegations asserted by Texas Brine against the [Oxy Insurers] ... in their entirety, **WITHOUT PREJUDICE**, in favor of the first-filed set of claims and demands pending in ... *Gustave J. LaBarre, Jr., et al. versus Occidental Chemical Company, et al.*, Docket No. 33,796, 23rd Judicial District Court, Parish of Assumption, State of Louisiana." For the following reasons, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal relates to one of multiple lawsuits against Texas Brine filed after the development of a sinkhole in August 2012 near Bayou Corne in Assumption Parish, Louisiana. In this suit, Crosstex sued Texas Brine claiming Texas Brine's negligent brine mining operation of a salt cavern caused the sinkhole and the sinkhole damaged Crosstex's pipeline.[2] In response, in this suit and in other sinkhole suits, Texas Brine filed duplicative third-party demands against multiple defendants, including Oxy and the Oxy Insurers, seeking indemnification, contribution, and reimbursement for response costs and expenses.

As each of the sinkhole suits progressed, some of the third-party defendants, including the Oxy Insurers, filed lis pendens exceptions seeking dismissal of Texas Brine's duplicative third-party demands in all but the *LaBarre* suit, which the Oxy

---

[1]  According to AIG's lis pendens exception, AIG is formerly known as Chartis Specialty Insurance Company, and previously known as American International Specialty Lines Insurance Company and American International Surplus Lines Insurance Company, both previously known as ""AISLIC."

[2]  In its original petition, the plaintiffs in this case, multiple Crosstex entities, named Texas Brine Company, LLC, as the defendant. In later pleadings, the Crosstex entities additionally named other parties allegedly related to Texas Brine Company, LLC, as defendants. Here, we refer to the plaintiffs collectively as Crosstex and to the defendants collectively as Texas Brine.

insurers argued was the suit where Texas Brine first filed its third-party demands against them. After a hearing, the trial court signed the January 31, 2018 judgment granting the Oxy Insurers' exceptions, and dismissing Texas Brine's third-party claims against them, without prejudice, in favor of the "first-filed" set of claims in *LaBarre*.

After the Oxy Insurers filed their lis pendens exceptions, but before the exceptions were decided, the trial court held a trial in three of the sinkhole cases, namely, this *Crosstex* suit, *Florida Gas*, and *Pontchartrain* (*Pipeline* cases)[3], to determine liability for the sinkhole (Phase I liability trial). On December 21, 2017 and April 18, 2018 (after granting motions for new trial in part), the trial court signed a judgment allocating fault for the sinkhole to multiple parties, including 50% of the fault to Oxy (Liability Judgment).

Texas Brine appeals from the January 31, 2018 lis pendens judgment, contending the trial court erred in granting the lis pendens exceptions because: (1) lis pendens does not apply in the sinkhole suits where the parties in each suit are different; (2) if lis pendens does apply, then its third-party claims against the Oxy Insurers should proceed in the *Pipeline* cases, the "most actively litigated [sinkhole] cases"; and (3) the Oxy Insurers waived the right to assert lis pendens by their counsel's participation and Oxy's participation in the Phase I liability trial.

## LIS PENDENS

Louisiana Code of Civil Procedure 531 codifies the doctrine of lis pendens and provides:

> When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.

A defendant in an incidental action may plead any of the exceptions available to a defendant in a principal action. La. C.C.P. art. 1034. The party pleading lis pendens has the burden of proving the facts necessary for the exception to be granted.

---

[3] The *Pipeline* cases are *Crosstex Energy Services, LP, et al. v. Texas Brine Company, LLC, et al.*, No. 34,202 (23rd JDC); *Florida Gas Transmission Co. v. Texas Brine Co.*, No. 34,316 (23rd JDC); and, *Pontchartrain Natural Gas System v. Texas Brine Co, LLC*, No. 34,265 (23rd JDC).

3

*Lockhart Ins. Agency, LLC v. Ryano & Beezer, LLC*, 15-1911 (La. App. 1 Cir. 9/6/16), 2016 WL 4680091 *2. A trial court should grant the exception if a final judgment in the first suit would be res judicata in the subsequently filed suit. *Id.* The crucial inquiry is not whether the second suit is based on the same cause of action as the first suit, but whether the second suit asserts a cause of action that arises out of the same transaction or occurrence that is the subject matter of the first suit. *Id.* For lis pendens to apply, La. C.C.P. art. 531 requires that: (1) two or more suits are pending in a Louisiana court or courts; (2) on the same transaction or occurrence, and (3) between the same parties in the same capacities. *Id.* If a defendant carries his burden, he is entitled to have all but the first-filed suit dismissed. *See* La. C.C.P. arts. 531 and 923B; *Harris v. Breaud*, 17-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 577.[4]

Here, it is undisputed that two or more sinkhole suits are pending in Louisiana courts. And, in this appeal, Texas Brine does not dispute that its *Crosstex* third-party demand against the Oxy Insurers arises out of the same transaction or occurrence as its *LaBarre* third-party demand. Rather, Texas Brine argues, in its first assignment of error, that the third lis pendens requirement is not met, because the parties in each of the sinkhole suits are different.

In analyzing an exception of lis pendens asserted as to incidental demands, the proper analysis is to compare only the third-party demands in the pending suits. *Capital One, N.A. v. Service Door & Millwork, LLC*, 11-0691 (La. App. 1 Cir. 11/9/11), 2011 WL 5420374 *3. Thus, although the first-party plaintiffs in this *Crosstex* suit are different from those in *LaBarre*, it is clear that the relevant third parties are the same.

---

[4] The standard of review applicable to a trial court's ruling on an exception of lis pendens under La. C.C.P. art. 531 is unclear. Because our affirmance would be the same under any standard or review, we need not decide the appropriate standard in this case. *Lockhart Ins. Agency, LLC*, 2016 WL 4680091 at *3 n.1.

4

That is, in both suits, Texas Brine is the third-party plaintiff asserting the same third-party demand[5] against the Oxy Insurers, the same third-party defendants. This assignment of error is meritless.

In its second assignment of error, Texas Brine contends that, if lis pendens applies, then its third-party demand should proceed in the *Pipeline* cases. According to Texas Brine, because the *Pipeline* cases proceeded to and concluded the Phase I liability trial before all other sinkhole cases, they constitute the "first suit" for lis pendens purposes under La. C.C.P. art. 531 and "shall be conclusive of all." Texas Brine bases its argument on the last sentence of La. C.C.P. art. 531, which states, "When the defendant does not so except [based on lis pendens], the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all." This provision only applies when the defendant does not file an exception of lis pendens. Here, the Oxy Insurers each filed exceptions of lis pendens on August 24, 2017, before the trial court rendered the Liability Judgment. Thus, neither the *Pipeline* cases themselves nor the Liability Judgment are "conclusive of all" within the meaning of La. C.C.P. art. 531. This assignment of error is meritless.

In its third assignment of error, Texas Brine contends the Oxy Insurers waived their right to assert lis pendens in this case, because their counsel and their insured, Oxy, participated in the Phase I liability trial. In support of its contention as to Oxy, Texas Brine points to a September 13, 2018 judgment, wherein the trial court found that Oxy had "waived the exception of *lis pendens* in the Pipeline Cases on the basis of [Oxy's] participation in the Phase I Liability Trial." However, even if we assume that Oxy did so waive its lis pendens exception, a waiver by Oxy of *its* lis pendens exception does not constitute a waiver by its insurers as to *their* separately-filed lis pendens

---

[5] Texas Brine's December 1, 2015 amended third-party demand against the Oxy Insurers pertinently states: "The Oxy Insurers are ... liable to Texas Brine for [Oxy's] full liability to Texas Brine, pursuant to Louisiana's Direct Action Statute, [La. R.S.] 22:1269"; and "Texas Brine was required to spend in excess of $100 million in unreimbursed expenses in responding to the emergence of the sinkhole, which amount Texas Brine seeks from the Oxy Insurers in addition to any additional costs that will be incurred." The record sufficiently establishes that the trial court took judicial notice of Texas Brine's *LaBarre* third-party demand, which was also pending before it in the 23rd JDC. The parties do not dispute its existence, its substance, or that it was filed on September 1, 2015. *See Pullin v. Chauvin,* 17-1292 (La. App. 1 Cir. 3/15/18), 244 So.3d 472, 474 n.1, *writ denied,* 18-0572 (La. 6/1/18), 243 So.3d 1061; *Harris v. Breaud,* 17-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 577 n.3; *AmSouth Bank v. Unemployment Compensation Control Systems, LLC,* 05-0253 (La. App. 1 Cir. 5/8/09), 2009 WL 1270295 *3.

exceptions to Texas Brine's third-party claims against them, which were not tried at the Phase I liability trial. The Liability Judgment and the trial court's December 21, 2017 Reasons for Judgment show that Texas Brine's third-party claims against the Oxy Insurers were not tried at the Phase I liability trial. Thus, although Texas Brine points to cases wherein a party was found to have waived his right to pursue a declinatory exception by participating at trial, *e.g., Labadot v. Labadot*, 328 So.2d 747 (La. App. 4 Cir. 1976), none of the cited cases hold that a party's insurer is bound by its insured's waiver of an exception of lis pendens, when the insured's participation at a trial did not include adjudication of third party-claims against the insurer.[6]

As to the Oxy Insurers' counsel's participation at trial, Texas Brine points to: (1) a November 11, 2017 judgment, granting a motion for involuntary dismissal made by two of the Oxy Insurers, and dismissing Texas Brine's third-party claims against them; and (2) two excerpts from the Phase I liability trial showing that counsel for the Oxy Insurers was present and addressed the court. Our review of these documents indicates that the attorneys who were present on these three instances were there to represent Oxy insurers, including AIG and National Union, solely in their capacities as alleged insurers of Adams Resources Exploration Corporation, another third-party defendant, and not in their capacities as insurers of Oxy. In fact, at the December 21, 2017 lis pendens hearing, Texas Brine's counsel admitted that counsel for National Union, one of the Oxy Insurers, participated at the Phase I liability trial, but that National Union was *not* at the trial in its capacity as Oxy's insurer. Further, Texas Brine concedes in its brief that the November 11, 2017 judgment referenced above was rendered in favor of the Oxy Insurers "in their capacity as insurers of Oil and Gas Defendants," which is "albeit in a different capacity" than as insurers of Oxy. Thus, the presence or participation of counsel for AIG and National Union, in their capacity as Adams Resources' insurers, at the Phase I liability trial does not waive the Oxy Insurers' right to assert lis pendens, even though counsel was the same. *Accord Diamond v.*

---

[6] AIG filed an answer to Texas Brine's third-party demand before it filed its lis pendens exception. Although such may have constituted a waiver of AIG's right to assert lis pendens, Texas Brine did not assign such as error on appeal.

6

*Progressive Sec. Ins. Co.*, 05-0820 (La. App. 1 Cir. 3/24/06), 934 So.2d 739, 744-45 (Appearance by insurer was not an appearance by insurance guaranty association after insurer became insolvent, even if the same attorney represented the parties; thus, insurer's motion to compel discovery did not result in a waiver of the insurance guaranty association's objection to personal jurisdiction.). This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the January 31, 2018 judgment: (1) granting declinatory exceptions of lis pendens filed by AIG Specialty Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and New Hampshire Insurance Company, as alleged insurers of Occidental Chemical Corporation, Occidental Petroleum Corporation, and/or Oxy USA, Inc., and (2) dismissing "any and all claims, demands, and/or allegations asserted by Texas Brine against the [Oxy Insurers] … in their entirety, **WITHOUT PREJUDICE**, in favor of the first-filed set of claims and demands pending in … *Gustave J. LaBarre, Jr., et al. versus Occidental Chemical Company, et al.*, Docket No. 33,796, 23rd Judicial District Court, Parish of Assumption, State of Louisiana" is affirmed. We assess appeal costs to Texas Brine.

**AFFIRMED.**