STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0940

KELVIN WELLS

VERSUS

FARM BUREAU INSURANCE COMPANY

Judgment Rendered: **FEB 2 6 2020**

* * * * * * *

APPEALED FROM THE NINETEENTH JUDICIAL DISTRICT COURT,
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER C678713, DIVISION "I"

HONORABLE R. MICHAEL CALDWELL, JUDGE

* * * * * * *

Kelvin Wells
Baton Rouge, Louisiana

Plaintiff/Appellant
Pro-Se

R. Heath Savant
Mark T. Assad
Christopher J. Matulis
Baton Rouge, Louisiana

Attorneys for Defendant/Appellee
Louisiana Farm Bureau Casualty
Insurance Company

**BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.**

**McDonald, J.**

This is an appeal from a judgment sustaining an exception of prescription and dismissing plaintiff's suit. After review, we affirm.

## FACT AND PROCEDURAL HISTORY

This suit arose out of an accident on January 23, 2018, wherein the plaintiff, Kelvin Wells, alleged he was injured after being struck by a car driven by his wife, Kelda Price.[1] Mr. Wells fax filed a copy of his petition for damages on January 22, 2019, with the East Baton Rouge Parish Clerk of Court's Office. He named as defendant Ms. Price's insurer, Louisiana Farm Bureau Casualty Insurance Company (Farm Bureau). The original petition was filed fourteen days later, on February 5, 2019. Farm Bureau filed an answer and raised exceptions of prescription, nonconformity of the petition with La. C.C.P. art. 891, vagueness, and ambiguity. The matter was heard on May 6, 2019. No evidence was introduced at the hearing. The district court granted the exception of prescription and dismissed the suit with prejudice. The judgment was signed on May 28, 2019. Mr. Wells has appealed that judgment.

## STANDARD OF REVIEW

Ordinarily, the party pleading prescription bears the burden of proving the claim has prescribed. When the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to demonstrate that the running of prescription was suspended or interrupted. **Johnson v. Shafor**, 2008-2145 (La. App. 1 Cir. 7/29/09), 22 So.3d 935, 938-39, writ denied, 2009-1921 (La. 11/20/09), 25 So.3d 812.

---

[1] While the petition alleges that the accident occurred on January 23, 2017, other documents in the record confirm that the accident occurred on January 23, 2018, as acknowledged by Farm Bureau.

If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. **Harris v. Breaud**, 2017-0421 (La. App. 1 Cir. 2/27/18), 243 So.3d 572, 578-79.

## THE STATUTE

Louisiana Revised Statutes 13:850 provides:

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

3

## ANALYSIS

Louisiana Revised Statutes 13:850 was amended by Acts 2016, No. 109, § 1, effective August 1, 2016. The amendment changed the requirement that the original document shall be "forwarded" to the clerk of court within seven days to a requirement that the original document shall be "delivered" to the clerk of court within seven days.

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. The words of a law must be given their generally prevailing meaning (except that words of art and technical terms must be given their technical meaning when the law involves a technical matter). La. C.C. art. 11.

Because Mr. Wells' claim was prescribed on its face, Mr. Wells, as the party asserting a suspension or interruption of prescription, bears the burden of proof. See **Harris**, 243 So.3d at 578. The only evidence to show the date the original petition was delivered to the East Baton Rouge Parish Clerk of Court is the date stamp of February 5, 2019.

As the record shows that the original document was not delivered to the Clerk of Court's office until fourteen days after the fax filing, a period containing only four legal holidays, Mr. Wells failed to comply with the requirement that the original identical document be delivered to the Clerk of Court within seven days, exclusive of legal holidays. Therefore, the fax filing has no force or effect. La. R.S. 15:850B & C.

4

Delictual actions are subject to a liberative prescription of one year. La. C.C. art. 3492. Thus, the petition filed on February 5, 2019, was filed past the one-year time period for filing suit for an accident occurring on January 23, 2018, and the trial court was legally correct in finding that Mr. Wells' suit was prescribed.

## DECREE

Therefore, for the foregoing reasons, the trial court judgment, sustaining the exception of prescription and dismissing the suit with prejudice, is affirmed. Costs of this appeal are assessed against Kelvin Wells.

**AFFIRMED.**