STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 1002

ASHLEY MORRIS

VERSUS

JONES FUNERAL HOME, INC.

**Judgment Rendered:** JUN 1 8 2021

* * * * * *

Appealed from the
Thirty-Second Judicial District Court
In and for the Parish of Terrebonne
State of Louisiana
Suit Number 186147

Honorable George J. Larke, Jr., Presiding

* * * * * *

Michael S. Zerlin
Thibodaux, LA

Counsel for Plaintiff/Appellant
Ashley Morris

Michael R. Zsembik
Metairie, LA

Counsel for Defendant/Appellee
Jones Funeral Home, Inc.

* * * * * *

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

McClendon, J., agrees in part and dissent in part
and assigns reasons.

**GUIDRY, J.**

Plaintiff, Ashely Morris, appeals from a judgment sustaining a peremptory exception raising the objection of prescription and dismissing her claims against defendant, Jones Funeral Home, Inc., and a judgment denying her motion for a new hearing. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ashely Morris gave birth to a baby boy, T.A.K., on February 22, 2016, but T.A.K. passed away that same day. Morris engaged the services of Jones Funeral Home, Inc. (Jones) in Houma, Louisiana to provide the funeral arrangements for T.A.K. and paid Jones for those services. Thereafter, Morris attempted to acquire T.A.K.'s death certificate from Jones on multiple occasions, but ultimately discovered that Jones had not input any information into the state electronic system nor had Jones contacted the Vital Records Registry for the State of Louisiana. A death certificate was finally issued on February 20, 2019.

Thereafter, on June 12, 2019, Morris filed a petition for damages, asserting that Jones violated La. R.S. 40:47, which requires a death certificate to be filed with a registrar within five days after death, and sought damages for Jones's negligence and intentional acts. Jones filed an exception raising the objection of prescription, asserting that Morris's claim was prescribed because the facts as alleged in the petition demonstrate that the negligent act, being Jones's failure to input information into the governmental system so that a death certificate would be timely issued, was performed in 2016 and suit was not filed until 2019, over three years later. As such, Jones claimed that Morris's claim was prescribed on its face under La. C.C. art. 3492. Morris opposed the exception, asserting that her claim arose from a contract rather than tort, because she contracted with Jones to provide funeral services for T.A.K., which contractual obligation included reporting the death and obtaining a death certificate. Therefore, Morris asserted that her action is governed by the ten

2

year prescriptive period for personal actions in accordance with La. C.C. art. 3499. Alternatively, Morris asserted that Jones's actions constituted a continuing tort and therefore, the prescriptive period did not begin to run until February 20, 2019, when Jones finally reported the death.

Following a hearing on Jones's exception on December 20, 2019, the trial court signed a judgment on January 15, 2020, sustaining the exception and dismissing Morris's suit with prejudice. Morris subsequently filed a motion for new hearing on January 17, 2020, arguing that the trial court erred in sustaining the exception without first allowing her an opportunity to amend her petition in accordance with La. C.C.P. art. 934. The trial court, however, denied Morris's motion, finding that grounds for the exception could not be removed, because the critical dates and facts of the case are undisputed and were considered by the trial court in ruling on the exception. The trial court further stated that it had found at trial that Morris had not made any allegations that would lead the court to believe that the action is based in contract and therefore, allowing Morris to amend her petition to assert a claim in contract would not remove the ultimate grounds for the exception.

Morris now appeals from the trial court's judgments sustaining the exception raising the objection of prescription and dismissing her suit with prejudice and denying her motion for new hearing.

## DISCUSSION

The objection of prescription may be raised by a peremptory exception. La. C.C. art. 927(A)(1). Ordinarily, a party urging an exception of prescription bears the burden of proving that the prescriptive period has elapsed. However, if the petition shows that it is prescribed on its face, then the burden shifts to the plaintiff to prove that the prescriptive period has not elapsed. See Templet v. State, through

3

Department of Public Safety and Corrections, 19-0037, p. 4 (La. App. 1st Cir. 11/15/19), 290 So. 3d 187, 191.

Although evidence may be introduced to support or controvert any objection pleaded, in the absence of evidence, an objection of prescription must be decided upon facts alleged in the petition with all the allegations accepted as true. La. C.C. art. 931; Cichirillo v. Avondale Industries, Inc., 04-2894, p. 5 (La. 11/29/05), 917 So. 2d 424, 428. If no evidence is introduced to support or controvert the exception, the manifest error standard of review does not apply, and the appellate court's role is to determine whether the trial court's ruling was legally correct. Harris v. Braud, 17-0421, p. 9 (La. App. 1st Cir. 2/27/18), 243 So. 3d 572, 578-79.

In the instant case, neither party introduced evidence at the hearing on the exception raising the objection of prescription. Therefore, the trial court only considered the allegations in Morris's petition, as well as the exhibits attached thereto, which were accepted as true. See La. C.C.P. art. 853; Monju v. Faustermann, 19-0168, p. 6 (La. App. 1st Cir. 10/1/19), 2019WL4855331, *3; see also Hotard's Plumbing, Electrical, Heating & Air, Inc. v. Monarch Homes, LLC, 15-180, pp. 4-5 (La. App. 5th Cir. 3/16/16), 188 So. 3d 391, 393-94.

From our independent review of Morris's petition and attached exhibits, we find that Morris clearly alleged facts setting forth a cause of action in negligence against Jones for its failure to comply with statutory law to input information regarding T.A.K.'s death into the electronic system within five days of T.A.K.'s death so that a death certificated could be issued. See La. R.S. 40:47. Delictual actions such as these are subject to a liberative prescriptive period of one year. See La. C.C. art. 3492. Morris alleged that she attempted to obtain the death certificate for two years following T.A.K.'s death to no avail, and after giving up, she once again made phone calls to Jones, resulting in the death certificate finally being issued in February 2019. Morris filed her action on June 12, 2019, over three years after

4

the death of T.A.K. Accordingly, the facts as alleged show that Morris filed her action over three years following Jones's failure to input the information regarding T.A.K.'s death, and as such, her petition is prescribed on its face.

Because Morris's action is prescribed on its face, the burden shifted to her to show that the claim was not prescribed. See Quinn v. Louisiana Citizens Property Insurance Corp., 12-0152, p. 9 (La. 11/2/12), 118 So. 3d 1011, 1017. In opposing the exception, Morris asserted that her action arises in contract rather than tort, and therefore, it is a personal action with a liberative prescriptive period of ten years and is not prescribed. Morris asserted that she entered into a contract with Jones to provide funeral services for her child, and that Jones's obligation under the contract including reporting the death in the electronic system and obtaining a death certificate, which Jones failed to do.

From our review of the facts as alleged in Morris's petition, however, Morris did not set forth any facts establishing that Jones was contractually obligated to report the death of T.A.K. or to provide her with a death certificate within a specified time. Morris simply alleged that she "entrusted the services of [Jones] with the funeral arrangements of T.A.K. and fully paid [Jones] for those services[,]" which payment is evidenced by a receipt that is attached to Morris's petition as Exhibit B. Accordingly, because Morris failed to allege any facts demonstrating a contractual relationship between her and Jones and failed to attach any such contract demonstrating a contractual duty to report the death of T.A.K. and obtain a death certificate to her petition for damages, we find no error in the trial court's finding that Morris failed to establish that her claim is based in contract rather than tort.

As an alternative to her assertion that her action was based in contract, Morris asserted that even if her claim is delictual, Jones's failure to report the death or obtain a death certificate for almost three years constitutes a continuing tort such that the prescriptive period did not begin to run until February 20, 2019, when Jones finally

5

reported T.A.K.'s death and obtained a death certificate. The continuing tort doctrine is an exception to the general rule of prescription. Benson v. State, Department of Revenue, through Office of Alcohol and Tobacco Control, 17-0081, p. 4 (La. App. 1st Cir. 9/15/17), 227 So. 3d 847, 850. When the tortious conduct and resulting damage continue, prescription does not begin until the conduct causing the damage is abated. A continuing tort is occasioned by unlawful acts, however, not the continuation of the ill effects of an original, wrongful act. Harris, 17-0421 at p. 11, 243 So. 3d at 580. As evidenced by Morris's petition, the tortious conduct occurred when Jones failed to input the required information within five days following T.A.K.'s death. The fact that Morris did not receive a death certificate until over three years following T.A.K.'s death is a continuation of the ill effects of the original wrongful act. As such, we likewise find no error in the trial court's finding that the continuing tort doctrine did not apply so as to interrupt prescription.

Finally, Morris asserted in her motion for new hearing, and on appeal, that the trial court erred in dismissing her petition without first affording her an opportunity to amend her petition pursuant to La. C.C.P. art. 934. When the grounds of a peremptory exception, such as prescription, may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934; Templet, 19-0037 at p. 6, 290 So. 3d at 192. The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. Palowsky v. Cork, 19-0148, pp. 10-11 (La. App. 1st Cir. 5/20/20), 304 So. 3d 867, 875.

As previously noted, the only claim raised by Morris in her petition for damages was a negligence claim. Louisiana Code of Civil Procedure article 934 does not contemplate allowing amendment to state an entirely different cause of action with a longer prescriptive period in order to remove the effect of the peremptory exception. Benson v. ABC Insurance Company, 12-517, p. 5 (La. App.

6

3rd Cir. 11/7/12), 106 So. 3d 143, 147, <u>writ denied</u>, 12-2650 (La. 2/8/13), 108 So. 3d 86 (quoting <u>Malin v. Andrus Home, Inc.</u>, 610 So. 2d 223, 225 (La. App. 3rd Cir. 1992). Accordingly, because amendment of Morris's petition would not remove the objection of prescription against her negligence claim, we find no abuse of the trial court's discretion in denying her motion for new hearing. <u>See</u> <u>Malin</u>, 610 So. 2d at 226.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Ashley Morris.

**AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2020 CA 1002

## ASHLEY MORRIS

## VERSUS

## JONES FUNERAL HOME, INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., agrees in part and dissents in part.**

I sympathize with Ms. Morris and find the three-year delay by Jones Funeral Home in providing a death certificate to be unconscionable. However, I agree with the majority that based on the petition and attached exhibits, Ms. Morris's claim is prescribed. Nevertheless, I would allow Ms. Morris the opportunity to amend her petition to assert any contractual claim she may have against the defendant.